| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>TAMARA PEREZ CRUZ | **DEFENDANTS**<br>ORIENTAL BANK |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>**THE BATISTA LAW GROUP, PSC**<br>P.O. BOX 191059<br>SAN JUAN, PR. 00919<br>787.620.2853 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

WILLFUL VIOLATIONS OF THE DISCHARGE INJUNCTION; ACTUAL AND PUNITIVE DAMAGES

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court and/or federal court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $125,000.00 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>TAMARA PEREZ CRUZ | BANKRUPTCY CASE NO.<br>11-03499 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>DISTRICT OF PUERTO RICO | DIVISION OFFICE<br>SAN JUAN | NAME OF JUDGE<br>MCF | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ WILLIAM RIVERA VELEZ | | | |
| DATE<br><br>OCTOBER 27, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>WILLIAM RIVERA VELEZ | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>TAMARA PEREZ CRUZ<br><br>Debtor | Case No. 11-03499<br>Chapter |
| TAMARA PEREZ CRUZ<br><br>Plaintiff<br><br>v.<br><br>ORIENTAL BANK; INSURANCE COMPANIES ABC; JOHN DOE AND JANE DOE<br><br>Defendants | Adv. P. No.<br><br>WILLFUL VIOLATIONS OF THE DISCHARGE INJUNCTION; ACTUAL AND PUNITIVE DAMAGES |

## **COMPLAINT**

**COMES NOW,** Debtor-Plaintiff, **Tamara Pérez Cruz**, through the undersigned counsel, and before this Honorable Court respectfully states, alleges and prays as follows:

### I. **INTRODUCTION**

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with their efforts to collect a discharge debt from the Plaintiff. Amongst others, Defendant, individually and/or collectively, engaged in unlawful and deceptive collection practices in violation of the Discharge Injunction.

2. This action is filed to enforce the Discharge Order and Plaintiff's right to be freed from unlawful and/or deceptive collection practices. Furthermore, this action seeks that Defendant stop its collection efforts against the debtor.

3. The Plaintiff requests declaratory and injunctive relief, as well as monetary, and punitive and actual damages based on violations of 11 U.S.C. § 524.

## II. JURISDICTION AND VENUE

4. Jurisdiction is invoked under the provision 28 U.S.C. §157 (a)(b)(1) and 28 U.S.C. §1334 since the facts of the Complaint arise in connection with a case under the Bankruptcy Code and concerns this Honorable Court's powers and property of the Debtor.

5. Venue is proper in this court under 28 U.S.C. §1408 and 1409 because all the events and omissions giving rise to the claims asserted in the Complaint occurred within this judicial district.

6. This matter is a core proceeding under FRBP 7001. If this action has any non-core elements, the Plaintiff hereby expresses consent to the entry of final judgement by a Bankruptcy Judge.

## III. THE PARTIES

7. Plaintiff, **TAMARA PÉREZ CRUZ**, was the Debtor in a Chapter 13 petition under the Bankruptcy Code and therefore, has standing to appear as **PLAINTIFF**.

8. Defendant, **ORIENTAL BANK DE PUERTO RICO** (hereinafter referred as "**ORIENTAL**" or "**DEFENDANT**") is a banking institution authorized and/or licensed to conduct business in Puerto Rico. Defendant committed and/or participated in acts against Debtor-Plaintiff in violation of the Discharge Order provisions of the Bankruptcy Code and therefore is responsible for the acts and damages discussed in this complaint.

9. **INSURANCE COMPANIES ABC**, (hereinafter, "INSURANCE COMPANIES X, Y and/or Z"), are the insurance companies of the Defendant in this adversary proceeding who

are liable for the acts against **PLAINTIFF** in violation of the Discharge Order provisions of the Bankruptcy Code and are therefore responsible for the damages and acts alleged in this complaint.

10. Defendants **JOHN DOE AND JANE DOE** are fictitious names for unknown persons who participated in the act and omissions against Plaintiffs in violation of the Bankruptcy Code, the Orders of this Court, and/or who are successors of Oriental Bank, all responsible for the damages suffered by the Plaintiffs.

### IV. THE FACTS

11. On April 27, 2011, PLAINTIFF filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

12. DEFENDANT was notified of PLAINTIFF's Bankruptcy petition, since it was included in the Voluntary Petition as a creditor.

13. After all due procedural events, on August 19, 2016, this Honorable Court issued the Discharge Order in the above-captioned case. Notification of the Discharge Order was duly sent to all creditors, and received by all creditors, and notice was mailed to DEFENDANT's postal address.

14. The Discharge Order Notice mailed to all creditors included the following warning: "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. **...** A creditor who violates this order can be required to pay damages and attorney's fees to the debtor." *(added emphasis)*.

15. Upon receipt of this Honorable Court's Notice, DEFENDANT's employee(s), agent(s), representative(s), legal or otherwise, and/or contractor(s) were required pursuant to 11

U.S.C. § 727 to stop any attempt to collect any duly discharged debt against PLAINTIFF and their property.

16. DEFENDANT and its employee(s), agent(s), representative(s), legal or otherwise, and/or contractor(s) had knowledge of the filing of PLAINTIFF 's Bankruptcy petition and of the subsequent Discharge Order issued by this Honorable Court.

17. DEFENDANT, as creditor in the case, has been duly notified by the Honorable Court of the proceedings in PLAINTIFF'S case.

18. Even after the Discharge Order dated August 19, 2016 was mailed to all creditors, DEFENDANT continued its collection efforts against PLAINTIFF for the discharged debt.

19. Previous to the petition's filing, on April 25, 2008, the Debtor and ORIENTAL executed a mortgage deed over Debtor's primary residence. DEFENDANT, however, in contempt of the Discharge Order, registered the mortgage deed before the Puerto Rico Property Registry on or about November 16, 2017, in order to encumber Plaintiff' property.

20. The alleged mortgage was registered more than one year after the Discharged Order was issued.

21. Therefore, Plaintiff's actions display a blatant disregard for this Honorable Court's Discharge Order.

22. On October 27, 2020 PLAINTIFF requested this Honorable Court to allow the case's reopening to redress the aforementioned violations.

23. PLAINTIFF attempted on numerous occasions to settle this matter without having to file the instant action, but the settlement demands were ignored.

V. **WILLFUL VIOLATIONS OF THE DISCHARGE INJUNCTION**

24. PLAINTIFF re-alleges each and every previous allegation as if fully established herein.

25. 11 U.S.C. § 524(a)(2) provides that:

[A discharge in a case under this title—] operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

26. On its bankruptcy petition, PLAINTIFF included ORIENTAL's debt on account of a mortgage loan tied to PLAINTIFF's primary residence. Thereafter, notice of the bankruptcy petition was sent to DEFENDANT.

27. The PLAINTIFF's confirmed Chapter 13 Plan of Reorganization provided for and dealt with the alleged debt of ORIENTAL.

28. On August 19, 2016, this Honorable Court issued PLAINTIFF's Discharge Order, that is, this Court ordered the discharge of, among others, all the PLAINTIFF's debt to ORIENTAL, included in the voluntary petition. The Discharge Order was duly notified to DEFENDANT by the Clerk of the Court.

29. Beyond the Discharge Order, the PLAINTIFF's confirmed Chapter 13 Plan of Reorganization did not provide for any additional payments to ORIENTAL beyond the terms of the Confirmed Plan

30. Accordingly, either because ORIENTAL's debt was discharged as an unsecured debt as a result of the August 19, 2019 Discharge Order and/or because ORIENTAL's alleged secured claim was fully satisfied by and through the binding provisions of the Confirmed Chapter

13 Plan that dealt with and provided for ORIENTAL's claim; post Discharge ORIENTAL had not legal claim against the Debtor.

31. In defiance of the Discharge Order, however, ORIENTAL registered, with the Puerto Rico Property Registry the mortgage deed executed on April 25, 2008, on or about November 17, 2019.

32. In defiance of the binding effect of the Confirmed Chapter 13 Plan, however, ORIENTAL has sought to collect and has filed a state court lawsuit against the Plaintiff.

33. These acts are an outrageous disregard to Plaintiff's "fresh start" guarantee provided by Bankruptcy Law by way of this Honorable Court's Discharge Order.

34. ORIENTAL's conduct has gravely frustrated the Discharge Order entered by this Court and has caused the PLAINTIFF unwarranted and unnecessary losses of time, efforts and expenses in seeking to enforce the "fresh start" rights guaranteed by the Bankruptcy Code. DEFENDANT's behavior after the Discharge Order went into effect has been intentional, egregious and extreme. ORIENTAL blatantly and willfully ignored the Discharge order, despite having received multiple notices from this Honorable Court.

35. In order to carry out the Bankruptcy Code's policies and maintain its integrity, this Honorable Court must impose actual damages, punitive damages and legal fees against DEFENDANT pursuant to Section 105 of the Bankruptcy Code.

36. As a result of the actions perpetrated by the DEFENDANT, its employee(s), agent(s), representative(s), legal or otherwise, and/or contractor (s), willful, intentional, deliberate and unlawful conduct in regards with the Discharge Order, PLAINTIFF has suffered damages in the form of Severe Emotional Suffering, Mental Anguish and the Deliberate Disruption of PLAINTIFF's financial rehabilitation efforts. Thus, Debtor is entitled to compensatory damages

in the amount of no less than **$75,000.00** for Suffering caused to PLAINTIFF, Severe Emotional Suffering, Mental Anguish and the Deliberate Disruption of PLAINTIFF's financial rehabilitation efforts.

37. DEFENDANT's intentional and deliberate actions are in reckless disregard of this Honorable Court's orders, namely the Discharge Order, for which punitive damages in the amount of no less than **$50,000.00** should be awarded to PLAINTIFF.

**WHEREFORE**, in view of the foregoing, Plaintiff respectfully requests from this Honorable Court to enter a Judgment in Plaintiff's favor, granting Plaintiff the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico this 27th day of October 2020.

**THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589

/s/ William Rivera Vélez
William Rivera Vélez, Esq.
USDC-PR No. 229408
E-mail: wrv@batistasanchez.com

/s/ Jesus E. Batista Sánchez
Jesus E. Batista Sánchez, Esq.
USDC-PR No. 227014
E-mail: jeb@batistasanchez.com