## UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>TAMARA PEREZ CRUZ<br><br>Debtor | Case. No. 11-03499(MCF) |
| TAMARA PEREZ CRUZ<br><br>Plaintiff<br><br> vs<br><br>ORIENTAL BANK, et. Als.<br><br>Defendants | Chapter 13<br><br><br><br>Adversary No.  20-00126 |

## STATEMENT OF UNCONTESTED MATERIAL FACTS
## IN SUPPORT OF ORIENTAL BANK'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW

**TO THE HONORABLE COURT:**

    **COMES NOW** Oriental Bank (hereinafter "**OB**") and respectfully submits its Statement of Uncontested Material Facts in support of its request for Summary Judgment and pursuant to Rules 56 (b) and (e) of Puerto Rico Local District Rules made applicable to Bankruptcy Proceedings by Rule 1001-1 (b) of the Puerto Rico Local Bankruptcy Rules and by Fed.R.Civ.P. 56 (b) and (e):

1.    Plaintiff and her former spouse got a loan from Scotiabank, now OB, on April 25, 2008, which they collateralized with a first mortgage lien in favor of OB over real property belonging to them and located at #876 José Brisson Street, Urbanización El Comandante, San Juan, Puerto Rico. See, **Exhibit I**, **Exhibit II, Exhibit III, and Exhibit IV**. See, mortgage deed, mortgage note, title search and Registry of Property Certification.

2

2.    Defendant presented its mortgage lien over plaintiff's realty located at #876 José Brisson Street, Urbanización El Comandante, San Juan, Puerto Rico at the Registry of Property on **May 15, 2008**.  See, Title Search attached herein as **Exhibit III**.  See also, Request for Admission at paragraph #4(d) of Dk. No. 18 and order deeming it admitted at Dk. No. 22. **Exhibits VIII and IX.**

**3.**    Several years later, plaintiff filed a bankruptcy petition under the provisions of Chapter 13 of the Bankruptcy Code identified as Case No. 11-03499(MCF). See Dk. No. 1 of case no. 11-03499(MCF).  See, Dk. No. 1 in case no. 11-03499(MCF).  See also, Request for Admission at paragraph #4(c) of Dk. No. 18 and order deeming it admitted at Dk. No. 22. **Exhibits VIII and IX**.

4.     Plaintiff listed Scotiabank, now OB, as a secured creditor for the abovementioned commercial mortgage loan over the real property described hereinabove and in her schedules. See Dk. No. 1 of case no. 11-03499(MCF)**.**  See, Request for Admissions paragraph #4(b) of Dk. No. 18 and order deeming such request admitted at Dk. No. 22 attached herein as **Exhibits VIII and IX**.

5.     Plaintiff never took any steps to void Scotiabank's, now OB's first mortgage lien. See, Docket of case no. 11-03499(MCF).

6.     Plaintiff's latest confirmed plan, and all other previously confirmed plans stated that Debtor - Plaintiff would continue to make the secured loan's regular direct payments, but at the same time stated that a third party was making said payments.  In addition, Debtor's latest confirmed plan stated that ***secured creditors, which included Scotiabank, now OB, will retain the liens***. See, Plaintiff's latest confirmed plan at Dk. No. 67 and Dk. No. 75 of case no. 11-

3

03499(MCF). See also request for admission at paragraph #4(a) and (b) of Dk. No. 18 and order deeming such request admitted at Dk. No. 22 attached herein as **Exhibits VIII and IX**.

7.  On August 19, 2016, Plaintiff obtained a discharge under the provisions of Chapter 13 of the Bankruptcy Code. See, Dk. No. 82 of case no. 11-03499(MCF).  See, **Exhibit V**.

8.  Thereafter, on November 16, 2017, the Registrar of Property of Section V of San Juan in its official capacity and pursuant to applicable law recorded the first mortgage lien in favor of Scotiabank, now OB, that was originally presented back on May 15, 2008 encumbering Plaintiff's and her former spouse's real property located at #876 José Brisson Street, Urbanización El Comandante, San Juan, Puerto Rico. See, See, Title Study attached as **Exhibit III,** Registry of Property Certification attached as **Exhibit IV**. See also, Request for Admissions at paragraphs #4(f) and (g) of Dk. No. 18 and order deeming them admitted at Dk. No. 22 attached herein as **Exhibits VIII and IX**.

9.  On July 3, 2020, OB filed an "In rem" complaint against plaintiff seeking to foreclose on its collateral **_only,_** as plaintiff, and her former spouse ceased to voluntarily pay their commercial mortgage loan with Scotiabank, now OB.  The foregoing complaint was amended to include plaintiff's former spouse on July 13, 2020. See, **OB's FORECLOSURE ONLY** complaint filed against plaintiff and the amended complaint including her former spouse as defendant attached herein as **Exhibit VI** and **Exhibit VII**, respectively.  See also, Request for Admissions at paragraph 4(e) of Dk. No. 18 and order deeming them admitted at Dk. No. 22 attached herein as **Exhibits VIII and IX**.

10.  Despite the fact, that OB's "In rem" complaint only requested to foreclose on its collateral and did not seek to collect any moneys from plaintiff or her former spouse in their personal

4

capacity, on October 27, 2020 plaintiff filed the adversary proceeding of caption 20-00126 against OB, alleging that OB violated the discharge injunction order issued by this Court in favor of plaintiff by ***__recording__*** the mortgage deed over the real property comprising its collateral after the discharge in favor of plaintiff had been entered and by filing its **__FORECLOSURE ONLY__** complaint against plaintiff, alleging that those acts attempted to collect a discharged debt from plaintiff in violation of the foregoing discharge injunction.  See, Dk. No. 1.

11.     The judicial action filed by OB before local Courts, and to which plaintiff makes reference in her complaint, is a **FORECLOSURE ONLY** cause of action filed by OB and identified as case no. SJ2020CV03416 before the Superior Court of San Juan.  See, Request for Admissions at paragraph 4(e) of Dk. No. 18 and order deeming them admitted issued by the Court at Dk. No. 22, attached herein as **Exhibits Exhibit VIII and IX**.

12.     As to the recordation of the mortgage lien after plaintiff's discharge had been entered, it is admitted by plaintiff that only the registrar has the capability of recording a document at the Registry of Property, as by law, he or she is the only one that can record documents at the Registry of Property and such recordation is the result of a pre-petition presentation. See, Request for Admissions at paragraph 4(f), (g) and (d) at Dk. No. 18 and order deeming them admitted at Dk. No. 22, attached herein as **Exhibits Exhibit VIII and IX**.

**CERTIFICATE OF SERVICE:** This document was filed with the US Bankruptcy Court for the District of Puerto Rico using the CM/ECF filing system, which would send a copy of this document to all registered parties including: **Jesús Enrique Batista - Sánchez, Esq. and William Rivera Vélez**, The Batista Law Group, P.S.C., Counsel for Plaintiff; **Alejandro Oliveras – Rivera, Esq.**, Chapter 13 Trustee, and to the **U.S. Trustee Office**.  A copy of this motion was also sent via First Class Mail to **Jesús Enrique Batista - Sánchez, Esq. and William Rivera Vélez**, The Batista Law Group, P.S.C., Counsel for Plaintiff, P.O. Box 191059, San Juan, Puerto Rico 00919-1059.

5

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico on this 5th day of July 2021.

**LUIS M. SUAREZ LOZADA
LAW OFFICES**

Counsel for defendant Oriental Bank
35 Juan C. Borbón Street, 67-113
Guaynabo, Puerto Rico 00969-5375
Phone: (787)296-4299
e-mail: suarez@caribe.net
/s/Luis M. Suárez - Lozada
USDC-PR 209712

EXHIBIT I

---On the same date of its execution, I issued first-certified copy at the----- request of Scotiabank of-- Puerto Rico.--------------

Notary Public



--------------------ONE HUNDRED THREE (103)--------------------

---------------------------------- MORTGAGE ----------------------------------

---In the City of Carolina, Commonwealth of Puerto Rico, this twenty fifth (25th) days of April, two thousand eight (2008).------------------------

---------------------------------- BEFORE ME ----------------------------------

-----JOSE E. FRANCO GOMEZ, Attorney-at-Law and Notary Public in and for the Commonwealth of Puerto Rico, with residence in City of Bayamón, Puerto Rico, and office on Altagracia Condominium, Suite C dash One (C-1), Uruguay Street, Hato Rey, San Juan, Puerto Rico ------

---------------------------------- APPEARS ----------------------------------

---AS PARTY OF THE FIRST PART: TAMARA PEREZ CRUZ and her husband JESUS MANUEL HERNANDEZ SANTANA, both of legal age, property owners and residents of Carolina, Puerto Rico (hereinafter referred to as the "Mortgagor"). -----------------------------------------------

---AS PARTY OF THE SECOND PART: SCOTIABANK OF PUERTO RICO (together with any other holder, by endorsement or otherwise, of the Mortgage Note referred to herein, hereinafter sometimes referred to as the "Mortgagee" or the "Bank"), organized and existing under the laws of Commonwealth of Puerto Rico, with offices in San Juan, Puerto Rico, represented by its Vice President RICARDO ORTIZ MATOS, of legal age, married, banker and resident of San Juan, Puerto Rico, duly authorized a corporate resolution dated August ten (10), two thousand seven (2007) before Notary Public Paul A. Ferrer Perez, affidavit number one thousand five hundred eighty (1580). ----------------------------------

----I attest that I am personally acquainted with the appearing parties and from their statements I also attest as to their age, civil status, occupation and residence.  They assure me that they have, and in my

1

judgment they do have, the legal capacity necessary for this act, and for that purpose they freely and voluntarily --------------------------------------

-------------------------------------- STATE --------------------------------------

---FIRST:  The Mortgaged Property.  Mortgagor is the owner of record, with valid, good and marketable fee simple title (pleno dominio) of the real property described in paragraph SIXTEENTH of this deed.-------------

---SECOND:  The Mortgage Note.  Simultaneously herewith Mortgagor has subscribed before me a mortgage note (hereinafter called the "Mortgage Note"), which is copied literally in paragraph FIFTEENTH hereof. ----------------------------------------------------------------

---THIRD:  Creation of Mortgage.  In order to guarantee and secure: -----

-----(i) the full and complete payment of the principal of and the interest on the Mortgage Note; ----------------------------------------------------------

-----(ii) the performance and observance of the terms therein and herein contained;  ----------------------------------------------------------------

-----(iii)  an additional credit in an amount equivalent to five (5) annuities of interest on the secured principal amount pursuant to the provisions of Article One hundred sixty six (166) of the Mortgage and Registry of Property Act of Puerto Rico of the year nineteen hundred seventy nine (1979), as amended, (hereinafter called the "interest credit");---------------

-----(iv)  an additional credit in the amount set forth in paragraph SEVENTEENTH hereof to cover any amounts that may be paid or advanced by the holder of the Mortgage Note hereunder, together with interest thereon (hereinafter called the "credit for additional advances");

and  ------------------------------------------------------------------------

-----(v) an additional credit (hereinafter called the "credit for liquidated damages") in the amount set forth in paragraph SEVENTEENTH hereof as a liquidated and agreed amount payable without necessity for further



2

liquidation or approval by any court, to cover the costs and expenses (including attorneys' fees) of the holder of the Mortgage Note in the event that such holder shall have recourse to the courts or to any other governmental agency in order to collect all or any part of the principal thereof or any interest thereon (by foreclosure or other proceedings or action), Mortgagor hereby constitutes and creates a voluntary . first----

mortgage (the "Mortgage") in favor of the Mortgagee, on the following property (hereinafter called the "Mortgaged Property"): ------------------

-------(a)  the property described in Paragraph SIXTEENTH of this deed;

--------(b)  all the buildings, structures, improvements and facilities now or hereafter located thereon;  --------------------------------------------------

--------(c)  all of the rights of way or use, easements, servitudes, licenses, tenements, hereditaments and other appurtenances now or hereafter belonging or appertaining to the Mortgaged Property; ---------------------

--------(d)   all renewals and replacements of, substitutions for and additions to the property described in subparagraphs (a) and (b) above, and all other property, real, personal or mixed now owned or hereafter acquired by Mortgagor and enjoyed in common with or in any way appertaining to such property as well as all real properties which may be consolidated or grouped with the Mortgaged Property; ---------------------

--------(e)  all awards, compensations and payments in respect of any taking by condemnation or eminent domain of any of the foregoing; ----

--------(f)  all rents, earnings, revenues, issue and profits of all of the foregoing; and  ------------------------------------------------------------------

--------(g) chattels which may be removed without breaking the material or deteriorating the object and that are presently or hereafter permanently placed on the Mortgaged Property, either for its decoration, comfort or development, or for industrial use. -----------------



3

---FOURTH: <u>Condemnation</u>. In the event of a taking of all or any part of the Mortgaged Property as a result of or in lieu or in anticipation of the exercise of the right of condemnation or eminent domain, or a change of grade adversely affecting the Mortgaged Property, Mortgagee shall be entitled to receive all awards and payments on account of such taking. Mortgagor will pay all costs and expenses (including, without limitation, attorneys' fees and expenses) of Mortgagee in connection with any such taking and seeking and obtaining any award or payment in respect thereof. All awards and payments collected by Mortgagee, after the payment of costs and expenses (including, without limitation, attorneys' fees and expenses) incurred in the seeking and obtaining thereof, shall be applied by Mortgagee to the payment of any notes or obligations of Mortgagor for which the Mortgage Note is assigned or pledged as security or in such other manner as may be provided in the pledge agreement or other instrument under which the Mortgage Note is assigned or pledged, or as otherwise agreed by Mortgagor and Mortgagee. ------------------------------------------------------------------------

---FIFTH: <u>Insurance</u>. As is provided in Article One Hundred Sixty (160) of the Mortgage and Property Registry Act of Puerto Rico, Act Number One Hundred Ninety-Eight (198) of August ten (10), nineteen hundred seventy-nine (1979), Thirty Laws of Puerto Rico Annotated Two Thousand Five Hundred Fifty-Six (30 L.P.R.A. 2556), this Mortgage shall be extensive to, and shall cover, all indemnities to which the Mortgagor may be entitled under any policy of insurance covering the Mortgaged Property or any part thereof, and Mortgagee shall be entitled to receive directly from the underwriter(s) all payments which become due under any such policy(ies) of insurance. Such payments, after deducting therefrom all costs and expenses (including, but without limitation,



4

attorneys' fees and expenses) incurred in the collection thereof, shall at the option of the Mortgagee be applied on account of the payment of any notes or obligations of the Mortgagor for which the Mortgage Note may be assigned or pledged as security, or as otherwise agreed by Mortgagor and Mortgagee. Such proceeds of insurance may, at the option of the Mortgagee and without waiver of Mortgagee's right to any future proceeds of like nature, be paid over to Mortgagor in partial or total reimbursement of Mortgagor's expenses in repairing or replacing such portion(s) of the Mortgaged Property as may have been so damaged. --------------------------------------------------------------------

---SIXTH: Additional Advances. If Mortgagor shall fail to make punctual payment of all Impositions (as defined in paragraph TWELFTH hereof), or should fail to maintain insurance coverage on the Mortgaged Property as required from time to time by the Mortgagee, or should fail to discharge any mortgage, lien, encumbrance or charge upon the Mortgaged Property, or any part thereof, which is prohibited by the terms of the pledge agreement, security agreement, or other instrument under which the Mortgage Note is assigned or pledged, or should fail to maintain the Mortgaged Property in good condition, or should fail to perform any other term or covenant of such pledge agreement or other instrument, then Mortgagee, without consent of or demand upon Mortgagor and without waiving or releasing any obligation or default, may (but shall be under no obligation to) at any time thereafter advance such funds as may in Mortgagee's judgment be needed for the purpose of performing such terms or covenants, and Mortgagee may, in such event, take such other and further action in the premises as it may consider necessary or appropriate for such purposes. All sums so advanced or paid by Mortgagee and all costs and expenses (including,



5

without limitation, attorneys' fees and expenses) so incurred, together with interest thereon at the rate set forth in the Mortgage Note from the date of payment or incurring, shall constitute additional indebtedness secured by this Mortgage and shall be paid by Mortgagor to Mortgagee on demand. ---------------------------------------------------------------------

---SEVENTH: <u>Further Assurances; Additional Security</u>. Mortgagor, at its expense, will execute, acknowledge, deliver and record all such instruments and take all such action as Mortgagee from time to time may reasonably request for better assuring to Mortgagee the properties and rights hereby mortgaged and assigned or intended so to be.  Without notice to or consent of Mortgagor, and without impairment of the lien of and rights under this Mortgage, Mortgagee may take from Mortgagor or from any other person or persons additional security for the Mortgage Note or for the obligations of the Mortgagor secured by the assignment or pledge of the Mortgage Note; and neither the giving of this Mortgage nor the acceptance of any such additional security shall prevent Mortgagee from resorting first to such additional security, or to the security created by this Mortgage, in either case without affecting Mortgagee's lien and rights under this Mortgage. ---------------------------

---EIGHTH:  <u>Default</u>.  In case the Mortgagor shall fail to pay any principal of or accrued interest on the Mortgage Note on demand by the bearer thereof, or shall fail to pay any principal of or accrued interest when due on any obligation for which the Mortgage Note or this Mortgage shall have been assigned or pledged as security, or there shall be any breach of any other condition or covenant set forth in this Mortgage which shall exist for more than thirty (30) days after written notice thereof to Mortgagor by Mortgagee, or any material representation or warranty of the Mortgagor shall prove to have been

6

false in any material respect on the date when made, then at any time thereafter Mortgagee may, at its election: ----------------------------------- -----(i) proceed to enforce the payment of the Mortgage Note and/or to foreclose the lien of this Mortgage as against all or any part of the Mort-gaged Property (by summary proceedings or otherwise) and to have the same sold under the judgment or decree of a court of competent jurisdiction; ------------------------------------------------------------------ -----(ii) to the extent permitted by law, enter upon and take possession of the Mortgaged Property or any part thereof, by force, summary proceedings, ejectment or otherwise, remove Mortgagor and all other persons and any and all properties therefrom, hold, operate and manage the same and receive all earnings, income, rents, issue and proceeds accruing with respect thereto or any part thereof. In connection with any of the foregoing, Mortgagee shall as a matter of right and without regard to the solvency of the Mortgagor or the adequacy of the security for the indebtedness from Mortgagor to Mortgagee, be entitled to the appointment of a receiver for all or any part of the Mortgaged Property, whether such receivership be incidental to a proposed sale of the Mortgaged Property or otherwise, and Mortgagor hereby consents to the appointment of such a receiver and will not oppose any such appointment. ------------------------------------------------------------------ ---NINTH: <u>Foreclosure Valuation</u>. In compliance with Article one Hundred Seventy-Nine (179) of the Mortgage and Property Registry Act of Puerto Rico, Act Number One Hundred Ninety-Eight (198) of August eight (8), nineteen hundred seventy-nine (1979), Thirty Laws of Puerto Rico Annotated Two Thousand Five Hundred Seventy-Five (30 L.P.R.A. 2575), Mortgagor hereby declares and agrees that the value of the Mortgaged Property is as set forth in paragraph SEVENTEENTH hereof

under the title "Foreclosure Valuation". --------------------------------------

---TENTH: <u>Foreclosure</u>.  In the event that the Mortgage Note is assigned or pledged or otherwise encumbered as collateral security for the payment of any other note or debt of the Mortgagor or of any other person, the Mortgagor agrees: ------------------------------------------------

-----(a) That Mortgagee may foreclose this Mortgage  and may exercise all other rights, remedies, powers and privileges provided herein or now or hereafter existing at law, in equity, by statute, or otherwise, without first foreclosing the pledge or other lien so constituted upon the Mortgage Note, to the same extent and with the same force and effect as if the Mortgage Note had been assigned or transferred directly to Mortgagee rather than assigned or pledged as collateral security, provided that nothing contained in this paragraph TENTH shall relieve Mortgagee from the obligation to comply with the terms of the pledge agreement or other instrument under which the Mortgage Note is assigned or pledged. -----------------------------------------------------------

-----(b) That Mortgagor will not exercise any right which he might have to cancel the record of the Mortgage by reason of lapse of time counted from the date of the constitution of the Mortgage either under the provisions of Article One Hundred Forty-Five (145) of the Mortgage Law of Puerto Rico, Act Number One Hundred Ninety-Eight (198) of August eight (8), nineteen hundred seventy-nine (1979), Thirty Laws of Puerto Rico Annotated Two Thousand Four Hundred Sixty-Nine (30 L.P.R.A. 2469) or otherwise and further agrees, whenever requested by the Mortgagee, to execute and file in the appropriate Registry, at Mortgagor's cost and expense, any and all supplemental instruments which may be necessary or convenient for the preservation of the lien of the mortgage until full payment of the note or debt so secured by lien



8

upon the Mortgage Note. Without limiting the generality of the foregoing, Mortgagor agrees that, unless the Mortgagee shall consent in writing to the cancellation of the Mortgage at an earlier date, the Mortgage shall be conclusively presumed to subsist for a period of twenty-five (25) years from the date of its constitution; and the Mortgagor does hereby waive any right which he might otherwise have under said Article one Hundred Forty-Five (145) of the Mortgage Law to apply for an earlier cancellation of the record of the Mortgage. ----------------

---ELEVENTH: _Expenses_. All costs and expenses of this deed, of a certified copy or copies thereof, and of the registration of this instrument in the proper public registry; all expenses of such additional documentation as may hereafter be required, including the registration thereof in a proper public registry, if such be required; and all expenses of all documents of cancellation, including the cost of registration thereof, shall be for the account of Mortgagor. ----------------------------

---TWELFTH: _Definitions_. As used in this Mortgage, the term "Impositions" shall mean all real estate and other taxes, all assessments (including, without limitation, all assessments for public improvements or benefits, whether or not commenced or completed prior to the date hereof or while this Mortgage is in force), water, sewer, electricity, utility and other rents, rates and charges, excises, levies, license fees, permit fees, inspection fees and other authorization fees and other charges, in each case whether general or special, ordinary or extraordinary, or foreseen or unforeseen, of every character (including all penalties or interest thereon), which at any time may be assessed, levied, confirmed or imposed on or in respect of or be a lien upon (a) the Mortgaged Property or any part thereof or any rents, issues, income, profits or earnings therefrom or any estate, right or interest therein, or (b) any oc-



9

cupancy, use or possession of or sales from the Mortgaged Property or any part thereof, or (c) this Mortgage, any interest hereon or any other payments due from the Mortgagor under the terms of this Mortgage; excepting, however, the income taxes now or hereafter imposed by the United States under the Internal Revenue Code of nineteen hundred eighty-six (1986), as amended, and by the Commonwealth of Puerto Rico under the Puerto Rico Income Tax Code of nineteen hundred ninety-four (1994) [Act Number One Hundred Twenty (120), approved on October thirty-one (31), nineteen hundred ninety-four (1994), as amended], or under any other Act of Congress or Act of the Legislature of Puerto Rico of the same nature, modifying, amending, or substituting the statutes above mentioned. ------------------------------------------------

---THIRTEENTH:  <u>Miscellaneous</u>.  All of the terms of this Mortgage shall apply to and be binding upon the successors and assigns of Mortgagor and all persons claiming under or through Mortgagor or any such successor or assign, and shall inure to the benefit of Mortgagee.  Neither this Mortgage  nor any term hereof may be changed, waived, discharged or terminated orally, but only by an instrument in writing signed by Mortgagee, notice of which is endorsed on the Mortgage Note. --------

---FOURTEENTH:  <u>Other Terms and Conditions</u>.  The following terms and conditions are made a part of this Mortgage and shall apply to and be binding upon the successors and assigns of Mortgagor and all persons claiming under or through Mortgagor or any such successors or assigns, and shall inure to the benefit of Mortgagee.  Additionally, if any of the terms and conditions contained in this paragraph shall be inconsistent or contrary to any other terms and conditions contained in this deed, the terms and conditions of this paragraph shall prevail. -------------------------

-----(a)   <u>Representations and Warranties</u>.   The Mortgagor hereby



10

represents and warrants to the Mortgagee as follows: -----------------------
-------(i) <u>No Leases</u>. There are presently in effect no leases of the Mortgaged Property or any part thereof. -------------------------------------
-------(ii) <u>No Hazardous Waste</u>. Except as otherwise disclosed by Mortgagor, to the best of Mortgagor's knowledge, there has been no release of any oil, hazardous materials, hazardous wastes, hazardous substances or toxic substances, as defined in forty-two (42) United States Code ("USC") sections nine six zero one (9601) <u>et seq.</u>, fortytwo (42) USC Sections six nine zero one (6901) <u>et seq.</u>, fifteen (15) USC Sections two six zero one (2601) <u>et seq.</u> and the regulations promulgated thereunder, and all applicable federal, state and local laws, rules and regulations ("Hazardous Waste") on, upon or into the Mortgaged Property, that would have a material adverse effect on the Mortgaged Property or Mortgage as a whole, nor to the best actual knowledge of the executive officers of Mortgagor after an independent investigation, has there been any such release on, upon or into any real property in the vicinity of the Mortgaged Property that, through solid or ground-water migration, has come to be located on the Mortgaged Property or could reasonably be expected to come to be located on the Mortgaged Property. There is no Hazardous Waste presently stored or located on, in or about any portion of the Mortgaged Property, and Mortgagor covenants and agrees that it will indemnify and hold the Mortgagee harmless from and against any and all expense, damage, loss or liability incurred by the Mortgagee arising from the application of any law, including any so-called "Super Fund" or "Super Lien" legislation, relating to the presence of oil or Hazardous Waste on the Mortgaged Property, whether such legislation is federal, state or local in nature. It is expressly acknowledged by Mortgagor that this covenant of indemnification shall



survive any foreclosure of the lien and security interest of this Mortgage and shall inure to the benefit of the Mortgagee, its successors and assigns, in the event Mortgagee becomes the owner of the Mortgaged Property. -------------------------------------------------------------------------

-------(iii) <u>Absence of Litigation</u>. Except as otherwise disclosed by Mortgagor, there are no actions, suits, or investigations, including, without limitation, condemnation and eminent domain proceedings, pending or, to the best of Mortgagor's knowledge, threatened, against or affecting the Mortgaged Property, or which may involve or affect the validity of this Mortgage, and Mortgagor is not in default with respect to any order, writ, injunction, decree or demand of any court or any administrative agency or governmental authority affecting the Mortgaged Property or the use thereof. ----------------------------------------------------

-------(iv) <u>Execution, Delivery and Enforceability</u>. Mortgagor is duly authorized to make and enter into this Mortgage and to carry out the transactions contemplated by this Mortgage and the Mortgage Note. This Mortgage and the Mortgage Note have been duly executed and delivered by Mortgagor and are the legal, valid and binding obligations of Mortgagor, enforceable in accordance with their respective terms, subject only to the effect of any applicable bankruptcy, insolvency, moratorium, reorganization, or other similar laws affecting creditors' rights generally and the discretionary nature of specific performance and other equitable remedies. ----------------------------------------------------

-------(v) <u>Compliance with Law</u>. Except as otherwise disclosed by Mortgagor, and to the best of Mortgagor's knowledge, the Mortgaged Property is in compliance with all applicable laws and governmental regulations, including, but not limited to, those governing zoning, land use, subdivision control, health, safety, fire protection and protection of



12

the environment, except such laws and governmental regulations the non-compliance with which would not have a material adverse effect on the Mortgaged Property or the Mortgage as a whole. ---------------------- -------(vi) <u>No Conflicts</u>. The execution and delivery of this Mortgage does not, and the performance and observance of the terms hereof will not, contravene any provision of existing law or governmental regulations, and will not conflict with or result in any breach of the terms, conditions or provisions of, or constitute a default under or result in or permit the creation or imposition of, any charge or encumbrance upon any of the properties of Mortgagor pursuant to any indenture, mortgage or other agreement or instrument to which Mortgagor is a party or by which its properties are bound except where such contravention, conflict, breach, default, charge or encumbrance would not have a material adverse effect on the Mortgage as a whole. ----------- -------(vii) <u>Governmental Filings</u>. Other than the recording of this Mortgage in the appropriate recording and filing offices in the Commonwealth of Puerto Rico, no approval, authorization or other action by, or filing with, any federal, state, or local commission, board or agency, is required under existing law in connection with the execution and delivery by Mortgagor of this Mortgage except such approval, authorization or other action as would not have a material adverse effect on the Mortgage as a whole. ---------------------------------------------------- -----(b) <u>Certain Covenants and Conditions</u>. Mortgagor covenants and agrees as follows: --------------------------------------------------------------- -------(i) <u>Governmental Charges</u>. Mortgagor shall pay before the same become delinquent all taxes, charges, sewer use fees, water rates and assessments of every name and nature (all of which shall be deemed to be Impositions hereunder), whether or not assessed against Mortgagor, if



applicable or related to the Mortgaged Property, or any interest therein, or applicable or related to any of the obligations secured hereby, which, if unpaid, might by law become a lien or charge upon all or any part of the Mortgaged Property; provided, however, that, so long as no distraint, foreclosure sale or other levy upon or transfer with respect to the Mortgaged Property or any part thereof shall have been effected or threatened, Mortgagor shall not be required to pay any such taxes, charges, fees, rates and assessments by reason of this Paragraph FOURTEENTH, Subparagraph (b)(i) if (A) the amount, applicability or validity thereof are currently being contested by Mortgagor in good faith by appropriate legal proceedings, and (B) Mortgagor shall have set aside on its books reserves (segregated to the extent required by sound accounting principles and practices) reasonably deemed by Mortgagee to be adequate with respect thereto. ---------------------------------------

-------(ii)  Provision for Payment of Governmental Charges and Other Obligations.  To assure the payment of all Impositions, taxes, charges, sewer use fees, water rates, ground rents and assessments of every name and nature, or any other obligations which may have or acquire priority over this Mortgage, and which are assessed or payable with reference to the Mortgaged Property, the Mortgagor, if so requested by the Mortgagee, but only after the occurrence of a default hereunder, under the Mortgage Note or under the agreement pursuant to which the Mortgage Note has been pledged to the Mortgagee, shall deposit with the Mortgagee, on the first day of each month, a sum determined by the Mortgagee to be sufficient to provide, in the aggregate, a fund adequate to pay any such amounts at least ten (10) days before the same become delinquent; and whenever the Mortgagee determines sums accumulated under the provisions of this section to be insufficient to meet the



14

obligation for which such deposits were made, the Mortgagor shall pay, on the demand of the Mortgagee, any amount required to cover the deficiency therein. Every such deposit may, at the option of the Mortgagee, be applied directly against the obligation with reference to which it was made, or, to the fullest extent permissible according to law, any other obligation of the Mortgagor secured hereby. Such deposits may, to the fullest extent permitted by law, be commingled with other assets of the Mortgagee and, in the discretion of the Mortgagee, invested by the Mortgagee for its own account, without any obligation to pay income from such investment, or interest on such deposits, to the Mortgagor, or to account to Mortgagor for such income in any manner.

-------(iii) Maintenance of Mortgaged Property; Alterations. Mortgagor shall keep and maintain the Mortgaged Property in as good repair and condition as the same now is or may hereafter be put (ordinary wear and tear excepted), shall make all such needful and proper repairs, replacements, additions and improvements thereto as shall be necessary for the proper conduct of its business thereon, and shall not permit or commit waste on the Mortgaged Property. Mortgagor shall make or cause to be made, as and when the same shall become necessary, all structural and non-structural, exterior and interior, ordinary and extraordinary, foreseen and unforeseen repairs, renewals and replacements necessary to that end. Mortgagor shall not permit removal or alteration, except as otherwise permitted in writing, of anything which constitutes a part of the Mortgaged Property without the consent of the Mortgagee, which consent shall not be unreasonably withheld or delayed. Mortgagor shall permit the Mortgagee to enter the Mortgaged Property, at any reasonable time, to determine whether Mortgagor is in compliance with its obligations under this Mortgage. All construction on



15

the Mortgaged Property shall comply with, and each and every part of the Mortgaged Property shall be maintained and used in accordance with, all applicable federal, state and local laws and governmental regulations, and any lawful private restrictions or other requirements or provisions, relating to the maintenance or use thereof. ----------------------- -------Notwithstanding the above, the Mortgagor shall have the right, at any time and from time to time, to remove and dispose of machinery and equipment on, or forming a part of, the Mortgaged Property (without the consent of Mortgagee) that may have become obsolete or unfit for use or that is no longer useful in the operation of the building now or hereafter constituting a portion of the Mortgaged Property or in the business conducted thereupon. The Mortgagor agrees promptly to replace with other machinery and equipment, free of superior title liens or claims, except as otherwise agreed by the Mortgagor and the Mortgagee, not necessarily of the same character but of at least equal usefulness and quality, any such machinery and equipment so removed or disposed of; except that, if by reason of technological or other developments in the operation and maintenance of property of the general character of the machinery and equipment so removed, no replacement of the property so removed or disposed of is necessary or desirable in the proper operation or maintenance of the Mortgaged Property or the business conducted thereupon, the Mortgagor shall not be required to replace the same. --------------------------------------------- -----(c) <u>Hazardous Substances</u>. Except to the extent that failure to comply would not have a material adverse effect on the Mortgagor or the Mortgaged Property and/or not result in or create a lien of any kind upon the Mortgaged Property, the Mortgagor shall: ------------------------- -------(i) not store (except in compliance with all laws, ordinances, and



regulations pertaining thereto), dispose of, release or allow the release of any hazardous substance, solid waste or oil on the Mortgaged Property; -------(ii) neither directly nor indirectly transport or arrange for the transport of any hazardous substance or oil (except in compliance with all laws, ordinances and regulations pertaining thereto); --------------------

-------(iii) in the event of any change in the laws governing the assessment, release or removal of hazardous materials, which change would lead a prudent lender to require additional testing to avail itself of any statutory insurance or limited liability, take all such action (including, without limitation, the conducting of engineering tests at the sole expense of the Mortgagor) to confirm that no hazardous substance or oil is or ever was stored, released or disposed of on the Mortgaged Property; and  --------------------------------------------------------------

-------(iv) provide the Mortgagee with written notice: (A) upon the Mortgagor's obtaining knowledge of any potential or known release, or threat of release, of any hazardous substance or oil at or from the Mortgaged Property; (B) upon the Mortgagor's receipt of any notice to such effect from any federal, state, or other governmental authority; or (c) upon the Mortgagor's obtaining knowledge that any such expense or loss has been incurred by such governmental authority in connection with the assessment, containment, removal or remediation of any hazardous substance or oil for which expense or loss the Mortgagor may be liable or for which expense a lien may be imposed on the Mortgaged Property.  --------------------------------------------------------------

-------For purposes of this section, the terms "hazardous substance" and "release" shall have the meanings specified in the Comprehensive Environmental Response, Compensation and Liability Act of nineteen hundred eighty (1980), forty-two (42) USC Sections nine six zero one



17

(9601) _et seq.,_ ("CERCLA") and the terms "solid waste" and "disposal" (or "disposed") shall have the meanings specified in the Resource Conservation and Recovery Act of nineteen hundred seventy-six (1976), forty-two (42) USC Sections six nine zero one (6901) _et seq._ ("RCRA") and regulations promulgated thereunder; provided, in the event either CERCLA or RCRA is amended so as to broaden the meaning of any term defined thereby, such broader meaning shall apply as of the effective date of such amendment and provided further, to the extent that the laws of the state where the Mortgaged Property is located establish a meaning for "hazardous substance," "release", "solid waste", or "disposal" which is broader than specified in either CERCLA or RCRA, such broader meaning shall apply. ------------------------------------------------

-----(d) _Environmental Assessment._ In addition to the Mortgagee's rights provided hereunder, the Mortgagee may, at its election, without regard to whether Mortgagor is in default hereunder or under the Mortgage Note, obtain one or more environmental assessments of the Mortgaged Property prepared by a geohydrologist, an independent engineer or other qualified consultant or expert approved by the Mortgagee evaluating or confirming (i) whether any hazardous substances or other toxic substances are present in the soil or water at or adjacent to the Mortgaged Property and (ii) whether the use and operation of the Mortgaged Property comply with all applicable federal, state and local laws, rules and regulations (herein called "Environmental Laws") relating to air quality, environmental control, release of oil, hazardous materials, hazardous wastes and hazardous substances, and any and all other applicable environmental laws. Environmental assessments may include detailed visual inspections of the Mortgaged Property including, without limitation, any and all storage areas, storage tanks, drains, dry wells and





leaching areas, and the taking of soil samples, surface water samples and ground water samples, as well as such other investigations or analyses as are necessary or appropriate for a complete determination of the compliance of the Mortgaged Property and the use and operation thereof with all applicable Environmental Laws.  All such environmental assessment shall be at the sole cost and expense of the Mortgagor, and, provided no default has occurred and is continuing hereunder, under the Mortgage Note or under the agreement pursuant to which the Mortgage Note has been pledged to the Mortgagee, any subsequent such environmental assessment shall be at the cost and expense of the Mortgagor.   Mortgagee shall minimize interference with Mortgagor's ongoing business on the Mortgaged Property during any such environmental assessments and Mortgagee shall repair any damage to the Mortgaged Property resulting from inspections pursuant to this section, provided that in any event Mortgagee shall not be obligated to expend in excess of ONE THOUSAND DOLLARS ($1,000.00) for repairs. -------------------------------------------------------------------------

-----(e)   Notice of Condemnation.   Mortgagor, immediately upon obtaining knowledge of the institution of any proceeding for the condemnation or requisition of the Mortgaged Property or any portion thereof, shall notify the Mortgagee of the pendency of such proceeding. The Mortgagee may participate in such proceeding, and the Mortgagor from time to time shall deliver to the Mortgagee all instruments requested by the Mortgagee to permit such participation. -------------------

-----(f)  Leases; Assignment; Subordination. Mortgagor shall not lease the Mortgaged Property or any part thereof without the prior written con-sent of the Mortgagee.  If Mortgagee shall consent and Mortgagor shall enter into a lease, Mortgagor shall faithfully keep, observe and satisfy all

19

the obligations on the part of the lessor to be kept, performed and satisfied under every lease from time to time in force with reference to the Mortgaged Property, and shall not materially alter or terminate any such lease, or any guarantee of such lease, except in the ordinary course of business, or accept any rentals for more than one month in advance. Mortgagor hereby assigns to Mortgagee all rents and profits under any and all leases of the Mortgaged Property, provided, however, that Mortgagor shall be entitled to retain such rents and profits until a default hereunder, under the Mortgage Note or under the agreement pursuant to which the Mortgage Note is pledged to the Mortgagee shall have occurred. At any time on notice from the Mortgagee, Mortgagor shall submit to the Mortgagee for examination all such leases and on the demand of the Mortgagee, shall execute and deliver a separate instrument collaterally assigning any or all such leases, or the rents and profits thereof, in form satisfactory to the Mortgagee. The Mortgagee shall have the right, by the execution of suitable written instruments from time to time, to subordinate this Mortgage, and the rights of the Mortgagee hereunder, to any lease or leases from time to time in force with reference to the Mortgaged Property, and, on the execution of any such instrument, this Mortgage shall be subordinate to the lease for which such subordination is applicable with the same force and effect as if such lease had been executed and delivered, and a notice thereof re-corded to the extent required to give notice to third persons, prior to the execution, delivery and recording of this Mortgage. -------------------------

-----(g) Prior Mortgages.  If this Mortgage, by its terms, is now, or at any time hereafter becomes, subject or subordinate to a prior mortgage, Mortgagor shall fully perform its obligations under such prior mortgage and shall not, without the consent of the Mortgagee, agree to the



20

modification, amendment or extension of the terms or conditions of such prior mortgage. Nothing contained in this section is intended, nor shall it be deemed to constitute, consent by the Mortgagee to a subordination of the lien of this Mortgage to any other mortgage or lien. -----(h) Expenses. Mortgagor shall pay when due all fees and charges (including reasonable attorneys' fees) incurred by the Mortgagee incident to the transactions evidenced by the obligations (including, without limitation, the Mortgage Note) secured by this Mortgage, the assurance of the security represented by this Mortgage, and incident to the enforcement of said obligations and this Mortgage, and such fees and charges shall be secured by the lien of this Mortgage. --------------------

-----(i) Priority of Lien; After-Acquired Mortgaged Property. This Mortgage is and will be maintained as a valid priority mortgage lien on the Mortgaged Property subject only to the liens and encumbrances that are acceptable to the Mortgagee. All property of every kind acquired by the Mortgagor after the date hereof which, by the terms hereof, is required or intended to be subjected to the lien of this Mortgage shall, immediately upon the acquisition thereof by the Mortgagor, and without any further mortgage, conveyance, assignment or transfer, become subject to the lien of this Mortgage. The Mortgagor will do, execute, acknowledge and deliver all and every such further acts, conveyances, mortgages, and assurances as the Mortgagee shall reasonably require for accomplishing the purposes of this mortgage. If any action or proceeding shall be instituted to recover possession of the Mortgaged Property or for the foreclosure of any other mortgage or for any other purpose affecting the Mortgaged Property or this Mortgage, the Mortgagor will immediately, upon service thereof on or by the Mortgagor, deliver to the Mortgagee a true copy of each precept,



21

petition, summons, complaint, notice of motion, order to show cause, and all other process, pleadings and papers, however designated, served in any such action or proceeding. ------------------------------------------

-----(j) Waiver and Modification; Fees and Expenses in Event of Redemption or Foreclosure. Whether or not for additional interest or other consideration paid or payable to the Mortgagee, no forbearance on the part of the Mortgagee or extension of the time for the payment of the whole or any part of the obligations secured hereby, whether oral or in writing, or any other indulgence given by the Mortgagee to Mortgagor or to any other party claiming any interest in or to the Mortgaged Property, shall operate to release or in any manner affect the original liability of Mortgagor, or the priority of this Mortgage or to limit, prejudice or impair any right of the Mortgagee, including, without limitation, the right to realize upon the security, or any part thereof, for the obligations secured hereby or any of them, notice of any such extension, forbearance or indulgence being hereby waived by Mortgagor and all those claiming by, through or under Mortgagor. No consent or waiver, express or implied, by the Mortgagee to or of any default by Mortgagor shall be construed as a consent or waiver to or of any further default in the same or any other term, condition, covenant or provision of this Mortgage or of the obligations secured hereby. In case pursuant to the laws of the Commonwealth of Puerto Rico redemption is had by Mortgagor after foreclosure proceedings have begun, the Mortgagee shall be entitled to collect all costs, charges and expenses incurred up to the time of redemption. --------------------------

-----(k) Fixtures and Equipment. Mortgagor hereby grants to the Mortgagee to secure the payment and performance of the obligations under the Mortgage Note and also to secure the performance of all



22

agreements and covenants herein contained, a security interest in all fixtures, equipment, machinery and any other property included in the Mortgaged Property, now owned or hereafter acquired by Mortgagor, which might otherwise be deemed "personal property" (and all accessions thereto and the proceeds thereof). The Mortgagor covenants and agrees that, upon the subsequent acquisition of fixtures, equipment and machinery it will provide to the Mortgagee such further assurances as may be required by the Mortgagee to establish the Mortgagee's security interest in such fixtures, equipment and machinery. Mortgagor shall execute, deliver and cause to be recorded and filed from time to time with all necessary public offices, at Mortgagor's sole cost and expense, such instruments as will maintain the Mortgagee's priority of security in all fixtures, equipment and machinery. ------------------------

-----(l)  Right of Mortgagee to Cure Default.  If a default shall occur hereunder or under the Mortgage Note beyond any applicable grace period, the Mortgagee shall have the right, after five (5) days' prior written notice to Mortgagor, but without any obligation so to do, to cure such default for the account of Mortgagor.  Without limiting the generality of the foregoing, Mortgagor hereby authorizes the Mortgagee to pay, at its option, all taxes, sewer use fees, water rates and assess-ments and other Impositions, with interest, costs and charges accrued thereon, which may at any time be a lien upon the Mortgaged Property, or any part thereof; to pay the premiums for any insurance required hereunder; to incur and pay reasonable expenses in protecting its rights hereunder and the security hereby granted; to pay any balance due and delinquent under any security agreement on any fixtures and equipment included as a part of the Mortgaged Property; and the payment of all amounts so incurred shall be secured hereby as fully and effectually as



23



any other obligation of Mortgagor secured hereby. ----------------------

-----(m) <u>Certain Terms of Foreclosure Sale</u>. At any foreclosure sale, any combination, or all, of the Mortgaged Property or security given to secure the indebtedness and obligations secured hereby, may be offered for sale for one total price, and the proceeds of such sale accounted for in one account without distinction between the items of security or without assigning to them any proportion of such proceeds, or be offered at more than one foreclosure sale in parts or parcels, Mortgagor hereby waiving the application of any doctrine of marshaling; and, in case the Mortgagee, in the exercise of the power of sale herein given, elects to sell in parts or parcels, said sales may be held from time to time, and the power shall not be fully executed until all of the Mortgaged Property or security not previously sold shall have been sold.

-----(n) <u>Notices</u>. All notices, requests and other communications made or required to be given pursuant to this Mortgage shall be in writing and shall be delivered in hand, mailed by United States registered or certified first-class mail, postage prepaid, or sent by telegraph, telex or telecopy confirmed by letter, at such address as Mortgagor and Mortgagee may have furnished in writing to each other, respectively. -------------Any notice or demand shall be deemed to have been duly given or made and to have become effective (i) if delivered by hand to a responsible officer of the party to which it is directed, at the time of the receipt thereof by such officer; or (ii) if sent by registered or certified first-class mail, postage prepaid, three (3) business days after the posting thereof; or (iii) if sent by telegraph, telecopier or telex at the time of the dispatch thereof, if in normal business hours in the country of receipt, or otherwise at the opening of business on the following business day. -----

-----(o) <u>Successors and Assigns; Joint and Several Liability; Partial</u>

24



Invalidity. All the covenants and agreements of Mortgagor herein contained shall be binding upon Mortgagor and the heirs, executors, administrators, successors and assigns of Mortgagor; and, where more than one person constitutes Mortgagor, the liability of such persons under this Mortgage for the obligations set forth herein shall be joint and several (solidaria). In case any one or more of the provisions of this Mortgage may be found to be invalid, or unenforceable for any reason or in any respect, such invalidity or unenforceability shall not limit or impair enforcement of any other provision thereof. -------------------------
-------All benefits and agreements of Mortgagee herein contained shall be binding upon Mortgagee, its successors, assigns and future holders of the Mortgage Note. ------------------------------------------------------------

-----(p) Modification. No change, amendment, modification, cancellation or discharge of this Mortgage, or any part hereof, shall be valid unless in writing and signed by the parties hereto or their respective successors and assigns. -------------------------------------------

-----(q) Captions. Section headings are inserted for convenience of reference only. They do not form part of this Mortgage and shall be ----- ----- disregarded for purposes of the interpretation of the terms of this Mortgage. ------------------------------------------------------------------

---FIFTEENTH: The Mortgage Note. The Mortgage Note referred to in paragraph SECOND of this deed is literally transcribed herein as follows:

------------------------------ "MORTGAGE NOTE ------------------------------

-----"VALUE: $135,000.00 -----------------------------------------------------

---DUE DATE: ON DEMAND -----------------------------------------------------

---FOR VALUE RECEIVED, on demand, the undersigned promise to pay to the order of SCOTIABANK OF PUERTO RICO the principal sum of ONE HUNDRED THIRTY FIVE THOUSAND DOLLARS ($135,000.00) with interest on the unpaid balance at the rate of twelve percent (12%) per annum from the date of this Mortgage Note until full payment hereof. ------------------------------------------------------------------

---Interest hereunder shall be payable monthly, and payments of interest and principal shall be made at the office or domicile of the bearer within the Commonwealth of Puerto Rico, or at such other place as the bearer or holder may from time to time, designate in writing. If this obligation is executed by two or more persons, it shall be understood that said persons are jointly and severally bound unto the bearer hereof. ---------

---The undersigned hereby waive presentment protest, demand and notice of non-payment. --------------------------------------------------------

---Payments of both principal and interest are to be made in lawful money of the United States of America. -----------------------------------------

---This Mortgage Note is secured by a mortgage constituted as it appears from Deed number 103----executed on the date hereof, before the undersigned Notary, and the bearer of this Mortgage Note is entitled to the benefit and security of all of the provisions and conditions set forth in said Deed of Mortgage. --------------------------------------------------------

---In the event that the holder of this Note is required to initiate legal proceedings for collection hereof, the undersigned agrees to pay to the holder thereof a liquidated sum equal to ten percent (10%) of the face principal of this Note in order to cover court costs and expenses and reasonable attorney's fees. --------------------------------------------------------

---The undersigned hereby submits to the venue selected by the bearer in case of legal action brought against the undersigned for the collection of this Mortgage Note. --------------------------------------------------------

---In Carolina, Puerto Rico, this 25th day of April, 2008. -----------------

-----(Signed): TAMARA PEREZ CRUZ. ----------------------------------------
-----(Signed): JESUS MANUEL------- HERNANDEZ SANTANA. ---------

------Affidavit No. 9776------ --------------------------------------------

-----"Acknowledged and subscribed before me in Carolina, Puerto Rico, this 25th day of April, 2008 by the following person who is personally known to me: TAMARA PEREZ CRUZ and her husband JESUS MANUEL HERNANDEZ SANTANA, both of legal age, property owners and residents of Carolina, Puerto Rico. --------------------------------------------

------(signed): JOSE E. FRANCO GOMEZ ----------------------------------------

------------------------------- "Notary Public" --------------------------------

------------------------------- (Notarial Seal) --------------------------------

---SIXTEENTH: <u>Description of the Mortgaged Property</u>. The description of the Mortgaged Property is described in the Spanish Language as follows: --------------------------------------------------------

----URBANA: Solar marcado con el número Veintiséis (26) en el Bloque "EN" del plano de inscripción de la Segunda Extensión, de la



URBANIZACION COUNTRY CLUB, situada en el Barrio Sabana Llana, de la Municipalidad de Río Piedras, San Juan, Puerto Rico con una cabida superficial de SEISCIENTOS SETENTA Y UNO PUNTO TREINTA (671.30) METROS CUADRADOS, colindando por el Norte, en treinta y tres punto catorce (33.14) metros con el solar veinticinco (25) del bloque "EN" del mencionado plano de inscripción; por el Sur, en veinticuatro punto treinta y tres (24.33) metros con el solar veintisiete (27) del bloque "EN" del mencionado plano de inscripción; por el Este, en diez punto dieciséis (10.16) metros con la calle número cincuenta y ocho (58) del mencionado plano; por el Oeste, en veintiocho punto veintiuno (28.21) metros con los solares doce (12) y trece (13) del mencionado plano de inscripción y por el Noroeste, en once punto cero cero (11.00) metros con el solar quince (15) del bloque "EN" del mencionado plano de inscripción. -------------------------------------------

---Contiene una casa de concreto reforzado para fines residenciales. --

----Inscrito al folio ciento setenta y dos (172) del tomo setecientos noventa y dos (792) de Sabana Llana, finca número seis mil novecientos treinta y cuatro (6934), Registro de la Propiedad de San Juan, Sección Quinta. -----------------------------------------------------------------

---SEVENTEENTH: <u>Various Sums</u>. -----------------------------------------

-----(i)  The principal amount of the Mortgage Note is ONE HUNDRED THIRTY FIVE THOUSAND DOLLARS ($135,000.00). --------------------

-----(ii)  The "credit for additional advances" is Thirteen Thousand Five Hundred Dollars ($13,500.00). -------------------------------------------------

-----(iii)  The "credit for liquidated damages" is Thirteen Thousand Five Hundred Dollars ($13,500.00). -------------------------------------------------

-----(iv)  The "Foreclosure Valuation" is ONE HUNDRED THIRTY FIVE THOUSAND DOLLARS ($135,000.00). --------------------------------------

--------------------------------- ACCEPTANCE ---------------------------------

---The appearing parties to this deed accept the same as drafted because it has been drawn up in accordance with their stipulations, terms and conditions.  I, the Notary, made to the appearing parties the necessary legal warnings concerning the execution of this deed and they were fully advised by me thereon. --------------------------------------------------------

---The appearing parties waived the right which I advised them they had to have witnesses to the execution of this deed; but, upon my advice,



27

made use of their right to read the same, and finding it drafted to their

entire satisfaction, having been advised by me, the Notary, of the

pertinent legal warnings and reservations, proceed to sign before me,

and to affix their initials on each page of the same.  To all of which, as

well as to everything contained or related in this deed, I, the Notary,

CERTIFY.  ---------------------------------------------------------------------------





EXHIBIT II

## MORTGAGE NOTE

VALUE: $135,000.00                     DUE DATE: ON DEMAND

FOR VALUE RECEIVED, on demand, the undersigned promise to pay to the order of SCOTIABANK OF PUERTO RICO the principal sum of ONE HUNDRED THIRTY FIVE THOUSAND DOLLARS ($135,000.00) with interest on the unpaid balance at the rate of twelve percent (12%) per annum from the date of this Mortgage Note until full payment hereof.

Interest hereunder shall be payable monthly, and payments of interest and principal shall be made at the office or domicile of the bearer within the Commonwealth of Puerto Rico, or at such other place as the bearer or holder may from time to time, designate in writing. If this obligation is executed by two or more persons, it shall be understood that said persons are jointly and severally bound unto the bearer hereof.

The undersigned hereby waive presentment protest, demand and notice of non-payment.

Payments of both principal and interest are to be made in lawful money of the United States of America.

This Mortgage Note is secured by a mortgage constituted as it appears from Deed number 103------ executed on the date hereof, before the undersigned Notary, and the bearer of this Mortgage Note is entitled to the benefit and security of all of the provisions and conditions set forth in said Deed of Mortgage.

In the event that the holder of this Note is required to initiate legal proceedings for collection hereof, the undersigned agrees to pay to the holder thereof a liquidated sum equal to ten percent (10%) of the face principal of this Note in order to cover court costs and expenses and reasonable attorney's fees.

The undersigned hereby submits to the venue selected by the bearer in case of legal action brought against the undersigned for the collection of this Mortgage Note.

In Carolina, Puerto Rico, this 25th day of April, 2008.


_____                         _____
TAMARA PEREZ CRUZ                                JESUS MANUEL HERNANDEZ SANTANA


Affidavit No.    9776

Acknowledged and subscribed before me in Carolina, Puerto Rico, this 25th day of April, 2008 by the following person who is personally known to me: TAMARA PEREZ CRUZ and her husband JESUS MANUEL HERNANDEZ SANTANA, both of legal age, property owners and residents of Carolina, Puerto Rico.


Notary Public

EXHIBIT III



**ESTUDIO**

**CLIENTE**  : **RIVERA-MUNICH, ELIZA & HERNANDEZ LAW OFFICES PS**  484,033

**RE**  : **/ TAMARA HOME CARE INC/**
**LCDO. JEAN P. JULIA DIAZ/ HIPOTECARIO/**

**FINCA**  : Número 6,934, inscrita al folio 211 del tomo 156 de Sabana Llana.
Registro de la Propiedad de Puerto Rico, Sección V de San Juan.

## DESCRIPCIÓN:

**URBANA:** Solar marcado con el número veintiséis del Bloque "EN" del Plano de Inscripción de la Segunda Extensión de la Urbanización Country Club, situada en el Barrio Sabana Llana de la Municipalidad de Río Piedras, San Juan, Puerto Rico, con una cabida superficial de seiscientos setenta y un metros cuadrados con treinta centímetros cuadrados. Colinda por el **NORTE**, en treinta y tres metros y catorce centímetros, con el Solar veinticinco; por el **SUR**, en veinticuatro metros y treinta y tres centímetros con el solar veintisiete; por el **ESTE**, en diez metros y diez y seis centímetros con la Calle cincuenta y ocho; por el **OESTE**, en veintiocho metros y veintiún centímetros, con los solares doce y trece; por el **NOROESTE,** en once metros, con el Solar quince.

## ORIGEN REGISTRAL:

Se segrega de la finca número 6,225, inscrita al folio 61 del tomo 142 de Sabana Llana.

## PLENO DOMINIO:

Consta inscrito al folio 1314 del tomo 1129 de Sabana Llana, a favor de **Tamara Pérez Cruz y su esposo Jesús Manuel Hernández Santana**, quienes lo adquirieron por compraventa a (no expresa), por el precio de $180,000.00, mediante la escritura número 102, otorgada en Carolina, Puerto Rico, el día 25 de abril de 2008, ante el notario José E. Franco Gómez, finca número  6,934, inscripción 8va., como asiento abreviado extendida las líneas el día 16 de noviembre de 2017, en virtud de la Ley 216 del 27 de diciembre de 2010. (Fue presentado el 15 de mayo de 2008, al Asiento 1427 del Diario 883)

## PREVIA:

A favor de Evarista Santos Mena, soltera, quien lo adquirió por compraventa a Samuel Pérez Malavé y su esposa Carmen Milagros Pérez Gonzalez, por el precio de $80,000.00, mediante la escritura número 82, otorgada en San Juan, Puerto Rico, el día 15 de marzo del 1991, ante la notario Alodia Bauza de Huertas, e inscrito al folio 172 del tomo 792 de Sabana Llana, finca número 6,934, inscripción 7ma.

## GRAVÁMENES:

i.  Por su procedencia está afecta a:

    a.  Servidumbre a favor de la Autoridad de Acueductos y Alcantarillados de Puerto Rico.

    b.  Servidumbre a favor de la Autoridad de Fuentes Fluviales de Puerto Rico.

    c.  Servidumbre de paso a favor de Central Victoria.

2                                                             484,033

Continuación...
Finca número 6,934

ii. Por sí está afecta a:

> Hipoteca en garantía de un pagare a favor de Scotiabank of Puerto Rico, o a su orden, por la
> suma principal de $135,000.00, con intereses al 12% anual, vencedero a la Demanda,
> constituida mediante la escritura número  103, otorgada en Carolina, Puerto Rico, el día 25 de
> abril de 2008, ante el notario José E. Franco Gómez, inscrita al folio 1315 del tomo 1129 de
> Sabana Llana, finca número  6,934, inscripción 8va., como asiento abreviado extendida las
> líneas el día 16 de noviembre de 2017 en virtud de la Ley 216 del 27 de diciembre de 2010.
> (Fue presentado el 15 de mayo de 2008, al Asiento 1428 del Diario 883)

## OBSERVACIÓN:

Embargo Federal contra Tamara Pérez Cruz, Tamara Home Care, Inc, seguro social patronal
xx-xxx0063, por la suma de $26,450.00, notificación número 753135311, Certificación de fecha 10
de febrero de 2011, anotado el día 1 de noviembre de 2019 al Asiento 2019-010525-FED del Sistema
Karibe.

**No podemos precisar que la persona embargada y la co-titular en esta finca y la entidad de
referenciasean la misma.**

## REVISADOS:

Registro de Embargos del ELA, incluyendo los de la Ley número 12 del día 20 de enero de 2010;
Contribuciones Federales; Sentencias; Bitácora Ágora y Electrónica; Sistema Karibe (hasta
2019-130534-SJ05 alas 6:43pm).

**NOTA: Esta Sección tiene establecido un sistema computadorizado de Bitácoras.  No nos
hacemos responsables por errores y/u omisiones que cometa el Empleado del Registro en la
entrada y búsqueda de datos en el mismo.**

This document is not a commitment to insure nor a Title Insurance Policy and should not be relied upon as such.  For protection, Purchaser and Lender
should require a Title Insurance Policy.  If this document is used by someone other than the party requesting it, said person does so assuming any and
all risks and liabilities.  No title company other than the Title Security, Inc., is authorized to rely on this title study to issue a Title Insurance
Commitment and/or Policy.  Capital Title Services, Inc., is not liable to other title companies for error or omissions in this title report.  ANY TITLE
COMPANY OTHER THAN THE TITLE SECURITY GROUP, INC. THAT RELIES ON THIS TITLE STUDY TO ISSUE A TITLE COMMITMENT
AND/OR INSURANCE POLICY DOES SO ASSUMING ANY AND ALL RISKS AND LIABILITIES. THE LIABILITY OF CAPITAL TITLE
SERVICES, INC. IN CONNECTION WITH THIS TITLE REPORT IS LIMITED TO THE AMOUNT PAID FOR THIS TITLE REPORT ONLY WITH
RESPECT TO THE CLIENT REFERRED TO IN THE HEADER OF THIS TITLE REPORT.

Este documento no es un compromiso para asegurar ni una póliza de Seguro de Título, por lo cual no ofrece seguridad alguna.  Para obtener
protección, debe requerir una póliza de Seguro de Título.  Si este documento es utilizado por alguien que no sea el solicitante, lo hace bajo su propio
riesgo y responsabilidad.  Ninguna compañía de título que no sea The Title Security Group, Inc. está autorizada a utilizar este estudio para expedir una
póliza de seguro de título. Capital Title Services, Inc., no es responsable ante otras compañías de título por errores u omisiones en este estudio de
título.  TODA COMPAÑÍA QUE NO SEA THE TITLE SECURITY GROUP, INC. QUE UTILICE ESTE ESTUDIO DE TÍTULO PARA EXPEDIR
UNA POLIZA DE SEGURO DE TITULO, LO HACE BAJO SU PROPIO RIESGO Y RESPONSABILIDAD.  LA RESPONSABILIDAD DE
CAPITAL TITLE SERVICES, INC., ESTA LIMITADA A LA CANTIDAD PAGADA POR EL ESTUDIO DE TITULO Y SOLO CON RESPECTO AL
CLIENTE DE REFERENCIA EN EL ENCABEZADO DE ESTE ESTUDIO DE TITULO.

**Capital Title Services, Inc.**

**POR:** *Ramón F. Gómez Marcos*
12 de diciembre de 2019
JGR/lbg/f



**STUDY**

**CLIENT**  : **RIVERA-MUNICH, ELIZA & HERNANDEZ LAW OFFICES PSC** 484,033

**RE**  : **/ TAMARA HOME CARE INC/**
       **LCDO. JEAN P. JULIA DIAZ/ HIPOTECARIO/**

**PROPERTY** : Number 6,934, registered to folio 211 of volume 156 of Sabana
         Llana. Puerto Rico Property Registry, Section V of San Juan.

**DESCRIPTION**:

**URBAN:** Lot marked with the number twenty-six of Block S "EN" of the Registration blueprint of
the Second Extension of the  Urbanización Country Club, located in the Sabana Llana Ward of the
Municipality of  Río Piedras, San Juan, Puerto Rico, with a surface area of six hundred seventy one
square meters and thirty square centimeters. Boundary on the **NORTH**, for thirty three meters and
fourteen centimeters square, with plot twenty-five; on the **SOUTH**, for twenty-four meters and
thirty three centimeters with lot twenty-seven;  on the **EAST**, for ten meters and  sixteen centimeters
with Street Fifty-Eight; on the **WEST**, for twenty-eight meters and twenty-one centimeters, with
lots twelve and thirteen; on the **NORTHWEST,** for eleven meters, with Lot fifteen.

**REGISTRY ORIGIN:**

Segregated from property number 6,225, registered to folio 61 of volume 142 of Sabana Llana.

**FULL DOMAIN:**

It is registered on folio 1314 of volume 1129 of Sabana Llana, in favor of Tamara Pérez Cruz and
her husband Jesús Manuel Hernández Santana, who acquired it by sale from (not stated), for the
price of $ 180,000.00, through deed number 102, granted in Carolina, Puerto Rico, on April 25,
2008, before the notary José E. Franco Gómez, property number 6,934, 8th inscription, as an
abbreviated entry extended the lines on November 16, 2017, by virtue of the Law 216 of December
27, 2010. (It was presented on May 15, 2008, to Entry 1427 of Journal 883)

**PREVIOUS:**

In favor of Evarista Santos Mena, single, who acquired it by sale from Samuel Pérez Malavé and his
wife Carmen Milagros Pérez Gonzalez, for the price of $ 80,000.00, through deed number 82,
granted in San Juan, Puerto Rico, on the 15th of March 1991, before the notary Alodia Bauza de
Huertas, and registered on folio 172 of volume 792 of Sabana Llana, property number 6,934, 7th
registration

**LIENS:**

i.  By its origin it affects:

    a.   Easement in favor of the Puerto Rico Aqueducts and Sewers Authority.

    b.   Easement in favor of the Puerto Rico Electric Power Authority.

    c.   Passage easement in favor of Central Victoria.

**33 Calle Resolución, Suite 302**
**San Juan, PR 00920-2727**
**TEL: 787-707-7369**
**FAX: 787-782-6743**

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*02/DECEMBER/2020♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*



|  | 2 | 484,033 |

Continuation...
Property number
6,934

ii.  In itself it affects:

Mortgage in guarantee of a promissory note in favor of Scotiabank of Puerto Rico, or at its command, for the principal sum of $ 135,000.00, with interest at 12% per annum, due upon demand, constituted by deed number 103, granted in Carolina, Puerto Rico , on April 25, 2008, before the notary José E. Franco Gómez, registered on folio 1315 of volume 1129 of Sabana Llana, property number 6,934, 8th entry, as an abbreviated entry extended the lines on November 16, 2017 by virtue of Law 216 of December 27, 2010. (It was submitted on May 15, 2008, to Entry 1428 of Journal 883)

## OBSERVATION:

Federal embargo against Tamara Pérez Cruz, Tamara Home Care, Inc, employer social security number xx-xxx0063, in the amount of $ 26,450.00, notification number 753135311, Certification dated 10 February 2011, entered on November 1, 2019 to Entry 2019-010525-FED of the Karibe System.

**We cannot specify that the person embargoed and the co-owner in this property and the entity of reference are the same.**

## REVIEWED:

Registry of Embargoes of the Commonwealth, including those of Law number 12 of January 20, 2010; Federal Contributions; Sentences;  Ágora Log and Electronic; Karibe system (up to 2019-130534-SJ05 at 6:43 pm).

**NOTE: This Section has established a computerized Log system. We  are not responsible for errors and / or omissions made by the Registry Employee in the data entry and search in it.**

This document is not a commitment to insure nor a Title Insurance Policy and should not be relied upon as such.  For protection, Purchaser and Lender should require a Title Insurance Policy.  If this document is used by someone other than the party requesting it, said person does so assuming any and all risks and liabilities.  No title company other than the Title Security, Inc., is authorized to rely on this title study to issue a Title Insurance Commitment and/or Policy.  Capital Title Services, Inc., is not liable to other title companies for error or omissions in this title report.  ANY TITLE COMPANY OTHER THAN THE TITLE SECURITY GROUP, INC. THAT RELIES ON THIS TITLE STUDY TO ISSUE A TITLE COMMITMENT AND/OR INSURANCE POLICY DOES SO ASSUMING ANY AND ALL RISKS AND LIABILITIES. THE LIABILITY OF CAPITAL TITLE SERVICES, INC. IN CONNECTION WITH THIS TITLE REPORT IS LIMITED TO THE AMOUNT PAID FOR THIS TITLE REPORT ONLY WITH RESPECT TO THE CLIENT REFERRED TO IN THE HEADER OF THIS TITLE REPORT.

Este documento no es un compromiso para asegurar ni una póliza de Seguro de Título, por lo cual no ofrece seguridad alguna.  Para obtener protección, debe requerir una póliza de Seguro de Título.  Si este documento es utilizado por alguien que no sea el solicitante, lo hace bajo su propio riesgo y responsabilidad.  Ninguna compañía de título que no sea The Title Security Group, Inc. está autorizada a utilizar este estudio para expedir una póliza de seguro de título. Capital Title Services, Inc., no es responsable ante otras compañías de título por errores u omisiones en este estudio de título.  TODA COMPAÑÍA QUE NO SEA THE TITLE SECURITY GROUP, INC. QUE UTILICE ESTE ESTUDIO DE TITULO PARA EXPEDIR UNA POLIZA DE SEGURO DE TITULO, LO HACE BAJO SU PROPIO RIESGO Y RESPONSABILIDAD. LA RESPONSABILIDAD DE CAPITAL TITLE SERVICES, INC., ESTA LIMITADA A LA CANTIDAD PAGADA POR EL ESTUDIO DE TITULO Y SOLO CON RESPECTO AL CLIENTE DE REFERENCIA EN EL ENCABEZADO DE ESTE ESTUDIO DE TITULO.

**Capital Title Services, Inc.**

BY: *Ramón F. Gómez Marcos*
December 12, 2019
JGR/lbg/f

**33 Calle Resolución, Suite 302**
**San Juan, PR 00920-2727**
**TEL: 787-707-7369**
**FAX: 787-782-6743**

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*02/DECEMBER/2020♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*

EXHIBIT IV



**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**DEPARTAMENTO DE JUSTICIA**
**REGISTRO INMOBILIARIO DIGITAL DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO**

**San Juan: Sección V**
**Vanessa Lopez Ortiz**
**Registrador de la Propiedad**
valopez@justicia.pr.gov

---

## CERTIFICACIÓN DE PROPIEDAD INMUEBLE
**TURNO DE CERTIFICACIÓN: 2020-013850-CERT**

---

A solicitud de MADEXIS  RODRIGUEZ ALICEA se expide la presente sobre las constancias del Registro Inmobiliario Digital de Puerto Rico, y yo Vanessa Lopez Ortiz, Registrador **CERTIFICO** la siguiente información de la finca que se relaciona:

**Finca número: 6934**

**Demarcación: Sabana Llana**

---

### Descripción de la Finca

---

Número de Catastro: ---. Urbana: URBANIZACIÓN COUNTRY CLUB de Sabana Llana. Solar: 26 BLOQUE "ER". Cabida: 671.3 Metros Cuadrados. Linderos: Norte, en 33.14 metros, con el solar 25. Sur, en 24.33 metro, con el solar 27. Este, en 10.16 metros, con la Calle 58. Oeste, en 28.21 metros, con los solares 12 y 13. Noroeste, en 11.00 metros, con el solar 15.  Enclava una casa de concreto reforzado y bloques de concreto para fines residenciales. Es segregaión de la finca 6225 al folio 161 del tomo 142 de Sabana Llana.

### Titulares

---

INSCRITA la totalidad de la finca a favor de Jesús Manuel Hernández Santana y su esposa Tamara Pérez Cruz, mayores de edad; quienes adquirieron por Compraventa por el precio $180,000.00. En virtud de la Escritura #102 otorgada el 25 de abril del 2008 ante el notario José E. Franco Gomez, según inscripción 8ª. Inscrita en virtud de la Ley 216 de 2010.

### Cargas y Gravámenes

---

**Condiciones Restrictivas**: Por su procedencia sobre edificación.

**Servidumbre**: a favor de Autoridad de las Fuentes Fluviales P.R. y de paso a favor de Central Victoria.

**Hipoteca**: Por sí: a favor de Scotíabank of Puerto Rico. Principal: $135,000.00. Interés: 12% anual. Vencimiento: A la Presentación. Tasación: $135,000.00. En virtud de la Escritura #103 otorgada el 25 de abril del 2008 ante el notario José E. Franco Gomez, según inscripción 8ª. Inscrita en virtud de la Ley 216 de 2010.

### Documentos Pendientes de Despacho

---

| Asiento | Transacciones | Documento |
|---|---|---|
| 2020-067154-SJ05 | Anotación de Demanda | a favor de Oriental Bank. CANTIDAD ADEUDADA: $135,000.00. Demanda número de caso SJ2020CV03416 sobre EJECUCION DE PRENDA & EJECUCION DE HIPOTECA (IN RE ante el Tribunal de Primera Instancia Sala de San Juan; vs. TAMARA PEREZ CRUZ, y los Estados Unidos de America P/C del Sr. W. Stephen Muldrow, Fiscal Federal para el Distrito de Puerto Rico de la Corte de los Estados Unidos de America, demandada de fecha de 3 de julio de 2020. |

Aparece(n) anotado(s) en los libros Especiales los siguientes:

Embargo Federal: a favor de Internal Revenue Services (IRS) presentado al Asiento 2019-010525-FED el día 31de octubre de 2019 por la suma de $26,450.00, siendo la deudora Tamara Pérez Cruz, Tamara Home Care, Inc.- Seguro Social XX-XXX0063. Serial No. 753135311.

Observaciones: Ninguna

Despachado: el 27 de septiembre de 2020, 4:59PM.

Expedido la presente, hoy 30 de septiembre de 2020, 12:53PM.
Derechos: $15.00, Número de comprobante:  80533-2020-0925-98486002

**Firmado electrónicamente por el registrador  Vanessa Lopez Ortiz el 30 de septiembre de 2020, 12:53PM**

**Codigo de Validación:** 2f2b7cf2-35aa-4dd7-b28d-50c42ecb7a2d





**COMMONWEALTH OF PUERTO RICO**
**DEPARTMENT OF JUSTICE**
**DIGIAL PROPERTY REGISTRY OF THE COMMONWEALTH OF PUERTO RICO**

**San Juan: Section V**
**Vanessa Lopez Ortiz**
**Property Registrar**
**valopez@justicia.pr.gov**

---

## REAL ESTATE CERTIFICATION
### CERTIFICATION TURN: 2020-013850-CERT

---

At the request of MADEXIS  RODRIGUEZ ALICEA this document is issued regarding the records of the Puerto Rico Digital Property Registry, and I, Vanessa Lopez Ortiz, Registrar **CERTIFIY** the following information regarding the property indicated below:

**Property Number: 6934**

**Demarcation: Sabana Llana**

---

### Description of Property

---

Cadastre Number: ---. Urban: URBANIZACIÓN COUNTRY CLUB in Sabana Llana. Lot 26 BLOCK "ER" Area: 671.3 Square Meters. Boundaries: North, in 33.14 meters, with lot 25. South, in 24.33 meters, with lot 27. East, in 10.16 meters, with Street 58. West, in 28.21 meters, with lots 12 y 13. Northwest, in 11.00 meters, with lot 15.  It holds a house in reinforced concrete and cinder blocks  for residential use. It is a segregation from property 6225 at folio 161 of volume 142 of Sabana Llana.

### Titleholders

---

INSCRIBED  in full property to Jesús Manuel Hernández Santana and his wifeTamara Pérez Cruz, of legal age; who acquired it through Buy/Sell for the price of $180,000.00. By virtue of Deed #102 executed on April 25, 2008 before the notary José E. Franco Gomez, 8th inscription. Registered pursuant to Law 216 of 2010.

### Liens and Attachments

---

**Restrictive Conditions**: In its origin due to edifice.

**Easement**: in favor of PR Electric Power Authority and passway in favor of Central Victoria.

**Mortgage**: In itself: in favor Scotíabank of Puerto Rico. Principal: $135,000.00. Interest: 12% annually. Due: Upon Presentation. Appraisal: $135,000.00. By virtue of Deed #103 executed April 25, 2008 before the notary José E. Franco Gomez, 8th inscription. Registered pursuant to Law 216 of 2010.

### Documents Pending Dispatch

---

| Entry | Actions | Document |
|---|---|---|
| 2020-067154-SJ05 | Annotation of Lawsuit | in favor of Oriental Bank. AMOUNT OWED: $135,000.00. Lawsuit case number SJ2020CV03416 regarding FORECLOSURE OF COLLATERAL & FORECLOSURE OF MORTGAGE (IN before Court of First Instance, San Juan Part; vs. TAMARA PEREZ CRUZ, and the United States of America b/w/o Mr. W. Stephen Muldrow, Federal Prosecutor for the District of Puerto Rico of the Court of the United States of America, lawsuit dated July 3, 2020. |

---

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*02/DECEMBER/2020♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*



**Ancillary Books**

Annotation(s) appearing in the Special books as follows:

Federal Attachment: in favor of Internal Revenue Services (IRS) logged at Entry 2019-010525-FED on October 31, 2019 in the amount of $26,450.00, the debtor being Tamara Pérez Cruz, Tamara Home Care, Inc.- Social Security XX-XXX0063. Serial No. 753135311.

Observations: None

Dispatched: September 27, 2020, 4:59PM.

This document is issued today, September 30, 2020, 12:53PM.
Fees: $15.00, Voucher number: 80533-2020-0925-98486002

**Electronically signed by the Registrar Vanessa Lopez Ortiz on September 30, 2020, 12:53PM**

**Validation Code:** 2f2b7cf2-35aa-4dd7-b28d-50c42ecb7a2d



*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*02/DECEMBER/2020♦ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ♦ Translations & More: 787-637-4906*

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **TAMARA PEREZ CRUZ** | | Social Security number or ITIN   **xxx–xx–4347** |
| | First Name    Middle Name    Last Name | | EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | | Social Security number or ITIN   _ _ _ _ |
| | First Name    Middle Name    Last Name | | EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   **District of Puerto Rico** | | | |
| Case number:   **11–03499 –MCF 13** | | | |

EXHIBIT V

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

TAMARA PEREZ CRUZ

**By the court:**   *Mildred Caban*

August 19, 2016

Mildred Caban Flores
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

## Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| ORIENTAL BANK | **EXHIBIT VI**<br><br>CIVIL NÚM. |
| *Demandante*<br>                    Vs. | SOBRE: |
| TAMARA PÉREZ CRUZ, Y LOS ESTADOS UNIDOS DE AMÉRICA P/C DEL SR. W. STEPHEN MULDROW, FISCAL FEDERAL PARA EL DISTRITO DE PUERTO RICO DE LA CORTE DE LOS ESTADOS UNIDOS DE AMÉRICA | EJECUCIÓN DE PRENDA & EJECUCIÓN DE HIPOTECA. **("IN REM")** |
| *Demandados* | |

**DEMANDA**

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante, ***Oriental Bank***, por conducto de la representación legal que suscribe, y ante este Honorable Tribunal muy respetuosamente **EXPONE, ALEGA** y **SOLICITA**:

1.        En cumplimiento con la Regla 21 de las Reglas para la Administración del Tribunal de Primera Instancia y la Regla 9 de las de Procedimiento Civil (32 L.P.R.A. Ap. V, R. 9), se informa que la dirección física y postal de la parte demandante, al igual que el número telefónico es el siguiente:

*Oriental Bank*
*(División Legal)*
*Avenida Muñoz Rivera #254*
*San Juan, Puerto Rico 00918*

*(División Legal)*
*P. O. Box 195115,*
*San Juan, Puerto Rico, 00919-5115*
*(787) 771-6800*

2.        Por información y/o creencia, la codemandada Tamara Pérez Cruz es mayor de edad, soltera, empresaria y vecina de San Juan, Puerto Rico.  La última dirección <u>física</u> y <u>postal</u> conocida es: ***El Comandante, 876 Calle José E Brisson, San Juan, Puerto Rico 00924***; y el último número telefónico conocido es: ***(787) 379-2869***.

3.        Para garantizar el <u>Préstamo Comercial #</u>███████, la codemandada Tamara Pérez Cruz ofreció la siguiente garantía prendaria hipotecaria:

- Gravamen prendario sobre Pagaré Hipotecario por la suma principal de **$135,000.00** a favor de Scotiabank de Puerto Rico, o a su orden, con intereses a razón de 12% anual fijo y vencimiento a la presentación, garantizado mediante hipoteca constituida en <u>primer</u> rango en virtud de la Escritura #103, otorgada en Carolina, Puerto Rico el día 25 de abril de 2008, ante el Notario Público José E. Franco Gómez, sobre una propiedad perteneciente a Tamara Pérez Cruz, la cual consta inscrita al Folio #211 del Tomo #156 de Sábana Llana, Registro de la Propiedad de Puerto Rico, Sección Quinta (V) de San Juan, Finca #6,934.

**Anejo 1**

4.    La parte demandante es la tenedora de buena fe, por causa onerosa, del Pagaré Hipotecario al que se refiere el párrafo tres (3) anterior, dado en prenda por la codemandada Tamara Pérez Cruz en garantía de las sumas de dinero adeudadas por concepto del <u>Préstamo Comercial</u> ██████04.

5.    El gravamen hipotecario al que se refiere en el párrafo tres (3) anterior, el cual consta debidamente inscrito en el Registro de la Propiedad correspondiente, grava el siguiente inmueble:

> ---**URBANA:** Solar marcado con el número veintiséis del Bloque "EN" del Plano de Inscripción de la Segunda Extensión de la Urbanización Country Club, situada en el Barrio Sabana Llana de la Municipalidad de Río Piedras, San Juan, Puerto Rico, con una cabida superficial de seiscientos setenta y un metros cuadrados con treinta centímetros cuadrados. Colinda por el **NORTE**, en treinta y tres metros y catorce centímetros, con el Solar veinticinco; por el **SUR**, en veinticuatro metros y treinta y tres centímetros con el solar veintisiete; por el **ESTE**, en diez metros y diez y seis centímetros con la Calle cincuenta y ocho; por el **OESTE**, en veintiocho metros y veintiún centímetros, con los solares doce y trece; por el **NOROESTE,** en once metros, con el Solar quince.------------------------------------------------

> ---Consta inscrita al Folio Doscientos Once (211) del Tomo Ciento Cincuenta y Seis (156) de Sábana Llana.  Finca Número Seis Mil Novecientos Treinta y Cuatro (6,934).  Registro de la Propiedad de Puerto Rico, Sección Quinta (V) de San Juan.-----------------

6.    Según *Orden* dictada el 19 de agosto de 2016 por la Corte Federal de Quiebras en el Caso Núm. 11-03499 (Cap. 13), la codemandada Tamara Pérez Cruz fue relevada (descargada o "discharged") de su responsabilidad personal en cuanto al Préstamo Comercial ██████204, según dispone el Código de Quiebra Federal. **Anejo 2**.

7.    En virtud de dicho relevo (descargo o "discharge"), la parte demandante queda impedida de incoar cualquier acción para reclamar de la codemandada Tamara Pérez Cruz el pago del <u>Préstamo Comercial</u> ██████04, quedando solamente facultada a ejecutar su garantía prendaria hipotecaria.

8.    Así las cosas, la parte demandante **<u>solamente</u>** está solicitando le ejecución de su garantía prendaria hipotecaria, de suerte que en este procedimiento se ordene la ejecución de la prenda e hipoteca antes relacionadas.

9.    La obligación monetaria relacionada al <u>Préstamo Comercial</u> ██████04, garantizada por la hipoteca que grava el inmuebles propiedad de la codemandada Tamara Pérez Cruz, asciende a las siguientes sumas al 1 de julio de 2020, más la tasa de interés que se establece a continuación:

| | |
|---|---|
| **Préstamo Comercial** | ████████04 |
| **Principal Adeudado:** | $105,034.36 |
| **Intereses Adeudados:** | $67,869.33 |
| **Total Adeudado:** | <u>$172,903.69</u> |
| **Tasa de Interés:** | 8.40% fijo |

10. A estas partidas se deben añadir la suma autorizada para el pago de primas de seguro contra riesgos, contribuciones y/o seguro hipotecario. Además, la cantidad líquida y exigible de DIEZ POR CIENTO (10%) del principal reconocido en el Pagaré Hipotecario para costas, gastos y honorarios de abogado en caso de reclamación judicial, a saber, **$13,500.00**.

11. La ejecución de la garantía prendaria hipotecaria aquí solicitada también está relacionada a cualquier otra cantidad que tenga que desembolsar o adelantar la parte demandante a tenor con los términos del <u>Préstamo Comercial ▮▮▮▮204</u>.

12. La obligación monetaria fue incumplida, por lo que se solicita la ejecución de la garantía prendaria hipotecaria relacionada a la misma.

13. Se incluye además como parte codemandada a los Estados Unidos de América, por conducto del Sr. W. Stephen Muldrow, Fiscal Federal para el Distrito de Puerto Rico de la Corte de los Estados Unidos de América, debido a que a la fecha de la presente, por información y/o creencia, la mencionada codemandada tiene anotado en el Registro de la Propiedad de Puerto Rico un embargo federal sobre la propiedad inmueble ofrecida en garantía por la codemandada Tamara Pérez Cruz, en rango posterior, el cual se describe a continuación:

- Embargo federal contra Tamara Pérez Cruz, por la suma de **$26,450.00**, notificación número 753135311, certificación de fecha 10 de febrero de 2011, anotado el día 1 de noviembre de 2019 al Asiento 2019-010525-FED.

**POR TODO LO CUAL**, con el mayor de los respetos se solicita de este Ilustre Foro que, previo a los trámites de rigor, declare **CON LUGAR** la presente *Demanda* y en virtud de esta, dicte *Sentencia* proveyendo lo siguiente:

a. Disponga que la parte demandante es la tenedora de buena fe y poseedora por causa onerosa del Pagaré Hipotecario mencionado en esta *Demanda*, y que tiene una prenda válidamente constituida sobre el aludido Pagaré Hipotecario, a su vez garantizado con la hipoteca que grava la propiedad inmueble descrita en esta *Demanda*;

b. Disponga para que la prenda e hipoteca sean ejecutadas mediante venta en pública subasta de las propiedades mueble e inmueble, al mejor postor, y que la deuda monetaria aquí relacionada le sea satisfecha a la parte demandante con el producto de dicha venta, incluyendo el pago de las costas, gastos y honorarios de abogado, según estipulado;

c. Disponga que una vez celebrada la subasta y efectuada la venta judicial, el Alguacil proceda a poner al licitador victorioso en posesión física de la propiedad inmueble así ejecutada dentro del término que dispone la Ley;

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Demanda ("In Rem")*
*Página 4*

---

    d.   Que, una vez vendida y adjudicada la propiedad inmueble ante descrita en subasta, y previo a los trámites de ley correspondientes, se cancele el Pagaré Hipotecario objeto de esta *Demanda*;

    e.   Que se ordene, además, que una vez celebrada la subasta y adjudicada la propiedad inmueble, y previo a los trámites de ley, al Registro de la Propiedad correspondiente para que proceda a cancelar los gravámenes posteriores a los de la parte demandante que surjan del Registro de la Propiedad;

    f.   Que se dicte cualquier otra providencia que en derecho proceda.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy 1 de julio de 2020.

**RIVERA-MUNICH & HERNÁNDEZ LAW OFFICES, P.S.C.**
Miramar Plaza, Piso #5
954 Avenida Ponce de León
San Juan, Puerto Rico 00907

P. O. Box 364908
San Juan, Puerto Rico 00936-4908
Tel. (787) 622-2323 / Fax (787) 622-2320
E-mail: jpjulia@rmmelaw.com

**f:/Lcdo. Jean Paul Juliá Díaz**
Identificación Núm. 16,238 (TSPR)

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, SAN JUAN PART**

| | |
|---|---|
| ORIENTAL BANK<br><br>*Plaintiff*<br><br> Vs. <br>TAMARA PÉREZ CRUZ, AND THE UNITED STATES OF AMÉRICA B/W/O MR. W. STEPHEN MULDROW, FEDERAL PROSECUTOR FOR THE DISTRICT OF PUERTO RICO OF THE COURT OF THE UNITED STATES OF AMERICA<br><br>*Defendants* | CIVIL NO.<br><br><br>RE:<br><br>FORECLOSURE OF PLEDGE & FORECLOSURE OF MORTGAGE.<br>(**"IN REM"**) |

**COMPLAINT**

**TO THE HONORABLE COURT:**

The plaintiff, ***Oriental Bank***, appears through the legal representation that subscribes, and before this Honorable Court, very respectfully **STATES**, **ALLEGES** and **REQUESTS**:

1.      In compliance with Rule 21 of the Rules for the Administration of the Court of First Instance and Rule 9 of Civil Procedure (32 LPRA App. V, R. 9), it is reported that the physical and postal address of the plaintiff and the telephone number are as follow:

*Oriental Bank*
*(Legal Division)*
*#254 Muñoz Rivera Avenue*
*San Juan, Puerto Rico 00918*


*(Legal Division)*
*P. O. Box 195115,*
*San Juan, Puerto Rico, 00919-5115*
*(787) 771-6800*

2.      By information and or belief, the co-defendant Tamara Pérez Cruz is of legal age, single, a businesswoman and resident of San Juan, Puerto Rico. The last known physical and postal address is: ***El Comandante, 876 José E. Brisson Street, San Juan, Puerto Rico 00924;*** and the last known telephone number is: ***(787) 379-2869.***

3.      To guarantee <u>Commercial Loan ███████04</u>, co-defendant Tamara Pérez Cruz offered the following collateralized mortgage pledge: following collateralized mortgage pledge:

- Pledge lien on Mortgage Promissory Note for the principal sum of **$135,000.00** in favor of Scotiabank de Puerto Rico, or to its order,  with interest at a fixed annual rate of 12% and due upon presentation, guaranteed by a mortgage established in the <u>first</u> rank by virtue of  Deed # 103, granted in Carolina,

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*04/DECEMBER/2020* ◆ *Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449* ◆ *Translations & More: 787-637-4906*

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Complaint ("In Rem")*
*Page 2*

Puerto Rico on April 25, 2008, before Notary Public José E. Franco Gómez, on a property belonging to Tamara Pérez Cruz, which is registered on Page # 211 of Volume # 156 of Sabana Llana, Property Registry of Puerto Rico, Fifth (V) Section of San Juan, Property #6,934.

**Attachment 1**

4.     The plaintiff is the holder in good faith, due to onerous cause, of the Mortgage Promissory Note referred to in paragraph three (3) above, pledged by co-defendant Tamara Pérez Cruz as guarantee of the sums of money owed for Commercial Loan ▮▮▮▮0204.

5.     The mortgage lien referred to in paragraph three (3) above, which is duly registered in the corresponding Property Registry, encumbers the following property:

---**URBAN:** Lot marked number twenty-six of the "EN" Block of the Registration Plan of the Second Extension of the Country Club Urbanization, located in the Sabana Llana neighborhood of the Municipality of Río Piedras, San Juan, Puerto Rico, with a surface area of six hundred seventy-one square meters and thirty square centimeters. It is bordered on the **NORTH**, at thirty-three meters and fourteen centimeters, with Lot twenty-five; on the **SOUTH**, at twenty-four meters and thirty-three centimeters with lot twenty-seven; on the **EAST**, at ten meters and sixteen centimeters with Fifty-eighth Street; to the **WEST**, at twenty-eight meters and twenty-one centimeters, with lots twelve and thirteen; on the **NORTHWEST**, at eleven meters, with Lot fifteen.-------------------------------------------------------------------------------------------

---Registered on Page Two Hundred Eleven #211 of Volume One Hundred Fifty-six #156 of Sabana Llana.  Property Number Six Thousand Nine Hundred Thirty-four #6,934, Property Registry of Puerto Rico, Fifth (V) Section of San Juan.---------------------------------------------

6.     According to *Order* issued on August 19, 2016 by the Federal Bankruptcy Court in Case No. 11-03499 (Ch. 13), co-defendant Tamara Pérez Cruz was relieved (discharged) of her personal responsibility regarding Commercial Loan ▮▮▮▮04, as provided by the Federal Bankruptcy Code. **Attachment 2.**

7.     By virtue of said relief (discharge), the plaintiff is prevented from initiating any action to claim from co-defendant Tamara Pérez Cruz the payment of Commercial Loan ▮▮▮▮04, being only empowered to execute its mortgage pledge.

8.     Thus, the plaintiff is **only** requesting the foreclosure of its mortgage pledge, so that in this procedure the foreclosure of the above listed pledge and mortgage is ordered.

9.     The monetary obligation related to Commercial Loan ▮▮▮▮04, guaranteed by the mortgage that encumbers the property owned by co-defendant Tamara Pérez Cruz, amounts to the following sums as of July 1, 2020, plus the interest rate established below:

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Complaint ("In Rem")*
*Page 3*

| | |
|---|---|
| **Commercial Loan:** | ██████04 |
| **Principal Owed:** | $105,034.36 |
| **Interest Owed:** | $67,869.33 |
| **Total Owed:** | <u>$172,903.69</u> |
| **Interest Rate:** | 8.40% fixed |

10.     To these items must be added the amount authorized for the payment of insurance premiums against risks, taxes and/or mortgage insurance. In addition, the liquid and enforceable amount of TEN PERCENT (10%) of the principal recognized in the Mortgage Promissory Note for costs, expenses and attorney's fees in case of legal claim, namely, **$13,500.00.**

11.     The foreclosure of the mortgage pledge requested here is also related to any other amount that the plaintiff has to disburse or advance in accordance with the terms of <u>Commercial Loan ██████204</u>.

12.     The monetary obligation was breached, for which the execution of the mortgage pledge related to it is requested.

13.     The United States of America is also included as a co-defendant, through Mr. W. Stephen Muldrow, Federal Prosecutor for the District of Puerto Rico of the Court of the United States of America, because as of the date hereof, due to information and/or belief, the aforementioned co-defendant has entered in the Puerto Rico Property Registry a federal lien on real estate offered as collateral by co-defendant Tamara Pérez Cruz, in a later rank, which is described below:

- Federal embargo against Tamara Pérez Cruz, for the sum of **$26,450.00**, notification number 753135311, certification dated February 10, 2011, entered on November 1, 2019 in Entry 2019-010525-FED.

**FOR ALL OF WHICH,** with the utmost respect, this Illustrious Forum is requested to, after the required formalities, declare this Complaint **GRANTED** and by virtue of it, issue a *Judgment* providing the following:

a.     Provide that the plaintiff is the holder in good faith and possessor due to onerous cause of the Mortgage Note mentioned in this *Complaint*, and that it has a validly constituted pledge on the aforementioned Mortgage Promissory Note, in turn guaranteed with the mortgage that encumbers the real property described in this *Complaint;*

b.     Arrange for the pledge and mortgage to be enforced by public auction sale of real and personal

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Complaint ("In Rem")*
*Page 4*

properties, to the highest bidder, and that the monetary debt listed here is satisfied to the plaintiff with the proceeds of said sale, including the payment of costs, expenses and attorney's fees, as stipulated;

c.  Provide that once the auction has been held and the judicial sale has been carried out, the Marshall shall proceed to place the victorious bidder in physical possession of the real property thus foreclosed within the term provided by Law;

d.  That, once the previously described real property has been sold and adjudicated in the auction, and prior to the corresponding legal procedures, the Mortgage Promissory Note object of this *Complaint* is to be canceled;

e.  That it be ordered, furthermore, that once the auction has been held and the real property is awarded, and prior to the legal procedures, that the corresponding Property Registry proceed to cancel the encumbrances subsequent to those of the plaintiff that arise from the Property Registry;

f.  That any other provision applicable in law be issued.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today, July 1, 2020.

**RIVERA-MUNICH & HERNÁNDEZ LAW OFFICES, P.S.C.**

Miramar Plaza, 5th Floor
954 Ponce de León
Avenue San Juan, Puerto
Rico 00907

P. O. Box 364908
San Juan, Puerto Rico 00936-4908
Tel. (787) 622-2323 / Fax (787) 622-2320
E-mail: jpjulia@rmmelaw.com

**signed:/Jean Paul Juliá Díaz, Esq.**
Identification No. 16,238 (TSPR)



*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*04/DECEMBER/2020 ◆ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ◆ Translations & More: 787-637-4906*

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

EXHIBIT VII

| | |
|---|---|
| ORIENTAL BANK | CIVIL NÚM. SJ2020CV03416 |
| *Demandante* | |
| Vs. | SOBRE: |
| TAMARA PÉREZ CRUZ, JESÚS MANUEL HERNÁNDEZ SANTANA Y LOS ESTADOS UNIDOS DE AMÉRICA P/C DEL SR. W. STEPHEN MULDROW, FISCAL FEDERAL PARA EL DISTRITO DE PUERTO RICO DE LA CORTE DE LOS ESTADOS UNIDOS DE AMÉRICA | EJECUCIÓN DE PRENDA & EJECUCIÓN DE HIPOTECA. **("IN REM")** |
| *Demandados* | |

**DEMANDA ENMENDADA**

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante, **Oriental Bank**, por conducto de la representación legal que suscribe, y ante este Honorable Tribunal muy respetuosamente **EXPONE**, **ALEGA** y **SOLICITA**:

1.      En cumplimiento con la Regla 21 de las Reglas para la Administración del Tribunal de Primera Instancia y la Regla 9 de las de Procedimiento Civil (32 L.P.R.A. Ap. V, R. 9), se informa que la dirección física y postal de la parte demandante, al igual que el número telefónico es el siguiente:

*Oriental Bank*
*(División Legal)*
*Avenida Muñoz Rivera #254*
*San Juan, Puerto Rico 00918*

*(División Legal)*
*P. O. Box 195115,*
*San Juan, Puerto Rico, 00919-5115*
*(787) 771-6800*

2.      Por información y/o creencia, la codemandada Tamara Pérez Cruz es mayor de edad, soltera, empresaria y vecina de San Juan, Puerto Rico.  La última dirección física y postal conocida es: **El Comandante, 876 Calle José E Brisson, San Juan, Puerto Rico 00924**; y el último número telefónico conocido es: **(787) 379-2869**.

3.      Por información y/o creencia, el codemandado Jesús Manuel Hernández Santana es mayor de edad, soltero, empresario y era vecino de Carolina, Puerto Rico.  Se acumula como codemandado en el presente pleito en función del Art. 96 de la Ley Núm. 210 – 2015, según enmendada, por ser titular inscrito de la propiedad inmueble ofrecida en garantía prendaria hipotecaria, **pero se desconoce su última dirección física y postal**.

4.      Para garantizar el <u>Préstamo Comercial</u> ▊▊▊▊04, los codemandados Tamara Pérez Cruz y Jesús Manuel Hernández Santana ofrecieron la siguiente garantía prendaria hipotecaria:

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Demanda Enmendada ("In Rem")*
*Página 2*

- Gravamen prendario sobre Pagaré Hipotecario por la suma principal de **$135,000.00** a favor de Scotiabank de Puerto Rico, o a su orden, con intereses a razón de 12% anual fijo y vencimiento a la presentación, garantizado mediante hipoteca constituida en <u>primer</u> rango en virtud de la Escritura #103, otorgada en Carolina, Puerto Rico el día 25 de abril de 2008, ante el Notario Público José E. Franco Gómez, sobre una propiedad perteneciente a Tamara Pérez Cruz y Jesús Manuel Hernández Santana, la cual consta inscrita al Folio #211 del Tomo #156 de Sábana Llana, Registro de la Propiedad de Puerto Rico, Sección Quinta (V) de San Juan, Finca #6,934.

**Anejo 1**

5.     La parte demandante es la tenedora de buena fe, por causa onerosa, del Pagaré Hipotecario al que se refiere el párrafo tres (3) anterior, dado en prenda por los codemandados Tamara Pérez Cruz y Jesús Manuel Hernández Santana en garantía de las sumas de dinero adeudadas por concepto del <u>Préstamo Comercial ██████</u>4.

6.     El gravamen hipotecario al que se refiere en el párrafo tres (3) anterior, el cual consta debidamente inscrito en el Registro de la Propiedad correspondiente, grava el siguiente inmueble:

> ---**URBANA:** Solar marcado con el número veintiséis del Bloque "EN" del Plano de Inscripción de la Segunda Extensión de la Urbanización Country Club, situada en el Barrio Sabana Llana de la Municipalidad de Río Piedras, San Juan, Puerto Rico, con una cabida superficial de seiscientos setenta y un metros cuadrados con treinta centímetros cuadrados. Colinda por el **NORTE**, en treinta y tres metros y catorce centímetros, con el Solar veinticinco; por el **SUR**, en veinticuatro metros y treinta y tres centímetros con el solar veintisiete; por el **ESTE**, en diez metros y diez y seis centímetros con la Calle cincuenta y ocho; por el **OESTE**, en veintiocho metros y veintiún centímetros, con los solares doce y trece; por el **NOROESTE,** en once metros, con el Solar quince.---------------------------------------------------------------

> ---Consta inscrita al Folio Doscientos Once (211) del Tomo Ciento Cincuenta y Seis (156) de Sábana Llana. Finca Número Seis Mil Novecientos Treinta y Cuatro (6,934). Registro de la Propiedad de Puerto Rico, Sección Quinta (V) de San Juan.----------------

7.     Según *Orden* dictada el 19 de agosto de 2016 por la Corte Federal de Quiebras en el Caso Núm. 11-03499 (Cap. 13), la codemandada Tamara Pérez Cruz fue relevada (descargada o "discharged") de su responsabilidad personal en cuanto al Préstamo Comercial #██████, según dispone el Código de Quiebra Federal.  **Anejo 2**.

8.     En virtud de dicho relevo (descargo o "discharge"), la parte demandante queda impedida de incoar cualquier acción para reclamar de la codemandada Tamara Pérez Cruz el pago del <u>Préstamo Comercial #██████</u>, quedando solamente facultada a ejecutar su garantía prendaria hipotecaria.

9.     Así las cosas, la parte demandante **solamente** está solicitando le ejecución de su garantía prendaria hipotecaria, de suerte que en este procedimiento se ordene la ejecución de la prenda e hipoteca antes relacionadas.  **El codemandado Jesús Manuel Hernández Santana no figura como deudor solidario**.

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Demanda Enmendada ("In Rem")*
*Página 3*

10. La obligación monetaria relacionada al <u>Préstamo Comercial #</u>████, garantizada por la hipoteca que grava el inmuebles propiedad de los codemandados Tamara Pérez Cruz y Jesús Manuel Hernández Santana, asciende a las siguientes sumas al 1 de julio de 2020, más la tasa de interés que se establece a continuación:

| | |
|---|---|
| **Préstamo Comercial** | #████ |
| **Principal Adeudado:** | **$105,034.36** |
| **Intereses Adeudados:** | **$67,869.33** |
| **Total Adeudado:** | <u>**$172,903.69**</u> |
| **Tasa de Interés:** | **8.40% fijo** |

11. A estas partidas se deben añadir la suma autorizada para el pago de primas de seguro contra riesgos, contribuciones y/o seguro hipotecario. Además, la cantidad líquida y exigible de DIEZ POR CIENTO (10%) del principal reconocido en el Pagaré Hipotecario para costas, gastos y honorarios de abogado en caso de reclamación judicial, a saber, **$13,500.00**.

12. La ejecución de la garantía prendaria hipotecaria aquí solicitada también está relacionada a cualquier otra cantidad que tenga que desembolsar o adelantar la parte demandante a tenor con los términos del <u>Préstamo Comercial #</u>████.

13. La obligación monetaria fue incumplida, por lo que se solicita la ejecución de la garantía prendaria hipotecaria relacionada a la misma.

14. Se incluye además como parte codemandada a los Estados Unidos de América, por conducto del Sr. W. Stephen Muldrow, Fiscal Federal para el Distrito de Puerto Rico de la Corte de los Estados Unidos de América, debido a que a la fecha de la presente, por información y/o creencia, la mencionada codemandada tiene anotado en el Registro de la Propiedad de Puerto Rico un embargo federal sobre la propiedad inmueble ofrecida en garantía por la codemandada Tamara Pérez Cruz, en rango posterior, el cual se describe a continuación:

- Embargo federal contra Tamara Pérez Cruz, por la suma de **$26,450.00**, notificación número 753135311, certificación de fecha 10 de febrero de 2011, anotado el día 1 de noviembre de 2019 al Asiento 2019-010525-FED.

**POR TODO LO CUAL**, con el mayor de los respetos se solicita de este Ilustre Foro que, previo a los trámites de rigor, declare **CON LUGAR** la presente *Demanda Enmendada* y en virtud de esta, dicte *Sentencia* proveyendo lo siguiente:

    a. Disponga que la parte demandante es la tenedora de buena fe y poseedora por causa onerosa del Pagaré Hipotecario mencionado en esta *Demanda Enmendada*, y que tiene una prenda válidamente constituida sobre el aludido Pagaré Hipotecario, a su vez

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Demanda Enmendada ("In Rem")*
*Página 4*

garantizado con la hipoteca que grava la propiedad inmueble descrita en esta *Demanda*

*Enmendada*;

b. Disponga para que la prenda e hipoteca sean ejecutadas mediante venta en pública

subasta de las propiedades mueble e inmueble, al mejor postor, y que la deuda

monetaria aquí relacionada le sea satisfecha a la parte demandante con el producto de

dicha venta, incluyendo el pago de las costas, gastos y honorarios de abogado, según

estipulado;

c. Disponga que una vez celebrada la subasta y efectuada la venta judicial, el Alguacil

proceda a poner al licitador victorioso en posesión física de la propiedad inmueble así

ejecutada dentro del término que dispone la Ley;

d. Que, una vez vendida y adjudicada la propiedad inmueble ante descrita en subasta, y

previo a los trámites de ley correspondientes, se cancele el Pagaré Hipotecario objeto

de esta *Demanda Enmendada*;

e. Que se ordene, además, que una vez celebrada la subasta y adjudicada la propiedad

inmueble, y previo a los trámites de ley, al Registro de la Propiedad correspondiente

para que proceda a cancelar los gravámenes posteriores a los de la parte demandante

que surjan del Registro de la Propiedad;

f. Que se dicte cualquier otra providencia que en derecho proceda.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy 13 de julio de 2020.

**RIVERA-MUNICH & HERNÁNDEZ LAW OFFICES, P.S.C.**
Miramar Plaza, Piso #5
954 Avenida Ponce de León
San Juan, Puerto Rico 00907

P. O. Box 364908
San Juan, Puerto Rico 00936-4908
Tel. (787) 622-2323 / Fax (787) 622-2320
E-mail: jpjulia@rmmelaw.com

**f:/Lcdo. Jean Paul Juliá Díaz**
Identificación Núm. 16,238 (TSPR)

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT, SAN JUAN PART**

| | |
|---|---|
| ORIENTAL BANK | CIVIL NO. |
| *Plaintiff* | |
| Vs. | RE: |
| TAMARA PÉREZ CRUZ, AND THE UNITED STATES OF AMÉRICA B/W/O MR. W. STEPHEN MULDROW, FEDERAL PROSECUTOR FOR THE DISTRICT OF PUERTO RICO OF THE COURT OF THE UNITED STATES OF AMERICA | FORECLOSURE OF PLEDGE & FORECLOSURE OF MORTGAGE. (**"IN REM"**) |
| *Defendants* | |

**AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

The plaintiff, ***Oriental Bank***, appears through the legal representation that subscribes, and before this Honorable Court, very respectfully **STATES**, **ALLEGES** and **REQUESTS**:

1.      In compliance with Rule 21 of the Rules for the Administration of the Court of First Instance and Rule 9 of Civil Procedure (32 LPRA App. V, R. 9), it is reported that the physical and postal address of the plaintiff and the telephone number are as follow:

*Oriental Bank*
*(Legal Division)*
*#254 Muñoz Rivera Avenue*
*San Juan, Puerto Rico 00918*

*(Legal Division)*
*P. O. Box 195115,*
*San Juan, Puerto Rico, 00919-5115*
*(787) 771-6800*

2.      By information and or belief, the co-defendant Tamara Pérez Cruz is of legal age, single, a businesswoman and resident of San Juan, Puerto Rico. The last known physical and postal address is: ***El Comandante, 876 José E. Brisson Street, San Juan, Puerto Rico 00924;*** and the last known telephone number is: ***(787) 379-2869.***

3.      By information and/or belief, co-defendant Jesús Manuel Hernández Santana is of legal age, single, a businessman and was a neighbor of Carolina, Puerto Rico. He is added as a co-defendant in this lawsuit based on Article 96 of Act No. 210 - 2015, as amended, for being the registered owner of the real property

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Amended Complaint ("In Rem")*
*Page 2*

offered as a mortgage pledge, **but his last physical and postal address is unknown.**

4.    To guarantee <u>Commercial Loan #</u> ▮▮▮▮▮▮▮, co-defendants Tamara Pérez Cruz and Jesús Manuel

Hernández Santana offered the following collateralized mortgage pledge:

- Pledge lien on Mortgage Promissory Note for the principal sum of **$135,000.00** in favor of Scotiabank de Puerto Rico, or to its order,  with interest at a fixed annual rate of 12% and due upon presentation, guaranteed by a mortgage established in the <u>first</u> rank by virtue of  Deed # 103, granted in Carolina, Puerto Rico on April 25, 2008, before Notary Public José E. Franco Gómez, on a property belonging to Tamara Pérez Cruz, which is registered on Page # 211 of Volume # 156 of Sabana Llana, Property Registry of Puerto Rico, Fifth (V) Section of San Juan, Property #6,934.

**Attachment 1**

5.    The plaintiff is the holder in good faith, due to onerous cause, of the Mortgage Promissory Note

referred to in paragraph three (3) above, pledged by co-defendant Tamara Pérez Cruz as guarantee of the sums of

money owed for <u>Commercial Loan #</u> ▮▮▮▮▮▮.

6.    The mortgage lien referred to in paragraph three (3) above, which is duly registered in the

corresponding Property Registry, encumbers the following property:

---**URBAN:** Lot marked number twenty-six of the "EN" Block of the Registration Plan of the Second Extension of the Country Club Urbanization, located in the Sabana Llana neighborhood of the Municipality of Río Piedras, San Juan, Puerto Rico, with a surface area of six hundred seventy-one square meters and thirty square centimeters. It is bordered on the **NORTH**, at thirty-three meters and fourteen centimeters, with Lot twenty-five; on the **SOUTH**, at twenty-four meters and thirty-three centimeters with lot twenty-seven; on the **EAST**, at ten meters and sixteen centimeters with Fifty-eighth Street; to the **WEST**, at twenty-eight meters and twenty-one centimeters, with lots twelve and thirteen; on the **NORTHWEST**, at eleven meters, with Lot fifteen.-------------------------------------------------------------------------------

---Registered on Page Two Hundred Eleven #211 of Volume One Hundred Fifty-six #156 of Sabana Llana.  Property Number Six Thousand Nine Hundred Thirty-four #6,934, Property Registry of Puerto Rico, Fifth (V) Section of San Juan.-----------------------------------------

7.    According to *Order* issued on August 19, 2016 by the Federal Bankruptcy Court in Case No. 11-

03499 (Ch. 13), co-defendant Tamara Pérez Cruz was relieved (discharged) of her personal responsibility regarding

Commercial Loan # 8640100204, as provided by the Federal Bankruptcy Code. **Attachment 2.**

8.    By virtue of said relief (discharge), the plaintiff is prevented from initiating any action to claim from

co-defendant Tamara Pérez Cruz the payment of <u>Commercial Loan #</u> ▮▮▮▮▮▮, being only empowered to execute

its mortgage pledge.

9.    Thus, the plaintiff is <u>**only**</u> requesting the foreclosure of its mortgage pledge, so that in this procedure

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Amended Complaint ("In Rem")*
*Page 3*

the foreclosure of the above listed pledge and mortgage is ordered. **Co-defendant Jesús Manuel Hernández Santana**

**is not listed as a joint debtor.**

10. The monetary obligation related to <u>Commercial Loan #</u>█████████, guaranteed by the mortgage

that encumbers the property owned by co-defendant Tamara Pérez Cruz, amounts to the following sums as of July 1,

2020, plus the interest rate established below:

| | |
|---|---|
| **Commercial Loan:** | #████████ |
| **Principal Owed:** | $105,034.36 |
| **Interest Owed:** | $67,869.33 |
| **Total Owed:** | <u>$172,903.69</u> |
| **Interest Rate:** | 8.40% fixed |

11. To these items must be added the amount authorized for the payment of insurance premiums against

risks, taxes and/or mortgage insurance. In addition, the liquid and enforceable amount of TEN PERCENT (10%) of

the principal recognized in the Mortgage Promissory Note for costs, expenses and attorney's fees in case of legal claim,

namely, **$13,500.00.**

12. The foreclosure of the mortgage pledge requested here is also related to any other amount that the

plaintiff has to disburse or advance in accordance with the terms of <u>Commercial Loan #</u>████████.

13. The monetary obligation was breached, for which the execution of the mortgage pledge related to it

is requested.

14. The United States of America is also included as a co-defendant, through Mr. W. Stephen Muldrow,

Federal Prosecutor for the District of Puerto Rico of the Court of the United States of America, because as of the date

hereof, due to information and/or belief, the aforementioned co-defendant has entered in the Puerto Rico Property

Registry a federal lien on real estate offered as collateral by co-defendant Tamara Pérez Cruz, in a later rank, which

is described below:

- Federal embargo against Tamara Pérez Cruz, for the sum of **$26,450.00**, notification number 753135311,
  certification dated February 10, 2011, entered on November 1, 2019 in Entry 2019-010525-FED.

**FOR ALL OF WHICH,** with the utmost respect, this Illustrious Forum is requested to, after the required

formalities, declare this *Amended Complaint* **GRANTED** and by virtue of it, issue a *Judgment* providing the

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Amended Complaint ("In Rem")*
*Page 4*

following:

a.  Provide that the plaintiff is the holder in good faith and possessor due to onerous cause of the Mortgage Note mentioned in this *Amended Complaint*, and that it has a validly constituted pledge on the aforementioned Mortgage Promissory Note, in turn guaranteed with the mortgage that encumbers the real property described in this *Amended Complaint*;

b.  Arrange for the pledge and mortgage to be enforced by public auction sale of real and personal properties, to the highest bidder, and that the monetary debt listed here is satisfied to the plaintiff with the proceeds of said sale, including the payment of costs, expenses and attorney's fees, as stipulated;

c.  Provide that once the auction has been held and the judicial sale has been carried out, the Marshall shall proceed to place the victorious bidder in physical possession of the real property thus foreclosed within the term provided by Law;

d.  That, once the previously described real property has been sold and adjudicated in the auction, and prior to the corresponding legal procedures, the Mortgage Promissory Note object of this *Amended Complaint* is to be canceled;

e.  That it be ordered, furthermore, that once the auction has been held and the real property is awarded, and prior to the legal procedures, that the corresponding Property Registry proceed to cancel the encumbrances subsequent to those of the plaintiff that arise from the Property Registry;

f.  That any other provision applicable in law be issued.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today, July 13, 2020.

**RIVERA-MUNICH & HERNÁNDEZ LAW OFFICES, P.S.C.**

Miramar Plaza, 5th Floor
954 Ponce de León
Avenue San Juan, Puerto
Rico 00907

P. O. Box 364908
San Juan, Puerto Rico 00936-4908
Tel. (787) 622-2323 / Fax (787) 622-2320
E-mail: jpjulia@rmmelaw.com

**signed:/Jean Paul Juliá Díaz, Esq.**

*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*04/DECEMBER/2020 ◆ Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449 ◆ Translations & More: 787-637-4906*

SJ2020CV03416 03/07/2020 08:24:14 am Entry No. 1 Page 5 of 4

*Oriental Bank v. Tamara Pérez Cruz, et al.*
*Amended Complaint ("In Rem")*
*Page 5*

Identification No. 16,238 (TSPR)



*Certified to be a true and exact translation from the source text in Spanish to the target language English.*
*04/DECEMBER/2020* ◆ *Pura Reyes Gilestra-ATA # 244688/NAJIT # 3449* ◆ *Translations & More: 787-637-4906*

EXHIBIT VIII

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>TAMARA PEREZ CRUZ<br><br>Debtor | Case. No. 11-03499(MCF) |
| TAMARA PEREZ CRUZ<br><br>Plaintiff<br><br> vs<br><br>ORIENTAL BANK, et. Als.<br><br>Defendant | Chapter 13<br><br><br>Adversary No. 20-00126 |

## MOTION REQUESTING ENTRY OF ORDER TO HAVE REQUEST FOR ADMISSIONS DEEMED ADMITTED PURSUANT TO RULE 7036 OF FEDERAL RULES OF BANKRUPTCY PROCEDURE

By counsel, defendant Oriental Bank (hereinafter referred as "OB") very respectfully represents and prays as follows:

1. On January 27, 2021, the appearing defendant served on Plaintiff a First Set of Interrogatories, Production of Documents and **Request for Admissions** through her attorneys Jesús Enrique Batista - Sánchez and William Rivera - Vélez. Dk. No. 12.

2. As per Rule 7036 of the Federal Rules of Bankruptcy Procedure, which makes Rule 36 of the Federal Rules of Civil Procedure applicable to adversary proceedings in bankruptcy, a request for admissions is deemed admitted within 30 days after a party is served, if said party does not serve the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. See, Rule 36(a)(3) of the Federal Rules of Civil Procedure.

3. As of today, over 60 days have lapsed since Plaintiff was served with the foregoing request for admissions, without Plaintiff having answered or objected to the served request for admissions.

4. The following were the requests for admissions served upon Plaintiff through her counsel and which have not been answered or objected as of today:

   a. Admit that the confirmed plan and each and every post confirmation modification approved by the Court in plaintiff's bankruptcy case no. 11-03499(MCF) provides for secured creditors to retain their liens.

   b. Admit that defendant Oriental Bank, formerly Scotiabank, was listed as a secured creditor by plaintiff in her bankruptcy case no. 11-03499(MCF).

   c. Admit that the bankruptcy petition to which you refer in your Complaint is the bankruptcy case no. 11-03499(MCF) filed by plaintiff under Chapter 13 before the U.S. Bankruptcy Court for the District of Puerto Rico.

   d. Admit that defendant Oriental Bank did not present any documents before the Registry of Property regarding plaintiff's residence from the presentation of defendant's mortgage over plaintiff's residence on May 15, 2008 until the recordation of said mortgage lien on November 16, 2017.

   e. Admit that the only collection effort by Oriental Bank that you make reference to in the complaint was the filing of a complaint in case no. SJ2020CV03416 before the San Juan Superior Court on July 3, 2020.

   f. Admit that defendant cannot record any document before the Registry of Property, as pursuant to applicable local law, only the Registrar of Property can do that.

   g. Admit that the Registrar of Property is the government official who decides when the recording of documents in the Registry of Property takes place.

5. In view of the above, it is respectfully requested from this Honorable Court to enter an order to deem all the foregoing matters admitted by Plaintiff pursuant to Rule 7036(a)(3) of the Federal Rules of Bankruptcy Proceeding.

## NOTICE

*Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were*

*served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico and serve a copy of the same on the appearing parties and the US Trustee's Office. If no objection or other response is filed within the time allowed herein, the relief sought will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise.*

**WHEREFORE**, it is respectfully requested from this Honorable Court **GRANT** this motion and proceed to enter an order to deem admitted all the matters for which an admission was requested from Plaintiff and listed herein at paragraph four (4), with any other redress this Court may deem appropriate.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico on this 4th day of April 2021.

**CERTIFICATE OF SERVICE:** This document was filed with the US Bankruptcy Court for the District of Puerto Rico using the CM/ECF filing system, which would send a copy of this document to all registered parties including: **Jesús Enrique Batista - Sánchez, Esq. and William Rivera Vélez**, The Batista Law Group, P.S.C., Counsel for Plaintiff; **Alejandro Oliveras – Rivera, Esq.**, Chapter 13 Trustee, and to the **U.S. Trustee Office**. A copy of this motion was also sent via First Class Mail to **Jesús Enrique Batista - Sánchez, Esq. and William Rivera - Vélez**, The Batista Law Group, P.S.C., Counsel for Plaintiff, P.O. Box 191059, San Juan, Puerto Rico 00919-1059.

**LUIS M. SUAREZ LOZADA**
**LAW OFFICES**
Counsel for defendant Oriental Bank
P.O. Box 192333
San Juan, Puerto Rico 00919-2333
Phone: (787)296-4299
e-mail: suarez@caribe.net
/s/Luis M. Suárez - Lozada
USDC-PR 209712

EXHIBIT IX

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

TAMARA PEREZ CRUZ

               Debtor(s)

TAMARA PEREZ CRUZ

         Plaintiff(s)

ORIENTAL BANK

        Defendant(s)

CASE NO. 11-03499-MCF13
Chapter 13

ADVERSARY NUMBER: 20-00126-MCF

FILED & ENTERED ON MAY/04/2021

<u>ORDER</u>

    The motion requesting entry of order to have request for admissions deemed admitted pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure filed by Oriental Bank (docket #18) is hereby granted as unopposed.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 4 day of May, 2021.

Mildred Caban
Mildred Caban Flores
United States Bankruptcy Judge