IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** <br><br> TAMARA PEREZ CRUZ <br><br> Debtor | Case. No. 11-03499(MCF) <br><br> Chapter 13 |
| TAMARA PEREZ CRUZ <br><br> Plaintiff <br><br>   vs <br><br> ORIENTAL BANK, et. Als. <br><br> Defendants | Adversary No.   20-00126 |

**AMENDED MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**TO THE HONORABLE COURT:**

**COMES NOW,** defendant Oriental Bank (hereinafter referred to as "OB") and very respectfully states and prays as follows:

### I. Introduction and Factual Background

Plaintiff and her former spouse obtained a commercial loan from Scotiabank de Puerto Rico, now OB, on April 25, 2008, which they collateralized with a first mortgage lien in favor of OB over real property belonging to them and located at #876 José Brisson Street, Urbanización El Comandante, San Juan, Puerto Rico. See, mortgage deed as **Exhibit I**, mortgage note as **Exhibit II,** title search as **Exhibit III** and Registry of Property Certification as **Exhibit IV** attached to the Statement of Uncontested Material Facts.1  See also, paragraph 1 of the Statement of Uncontested Material Facts.  The foregoing first

---

1 Scotiabank de Puerto Rico is now OB as per merger agreement filed with the PR State Department on December 31, 2019.

–2–

mortgage lien in favor of OB was presented in the registry of property on May 15, 2008 and was duly recorded several years later. See, paragraph (2) of Statement of Uncontested Material Facts, Title Study attached thereto as **Exhibit III** and request for admissions at paragraph #4(d) attached as **Exhibit VIII and** order deeming them admitted attached thereto as **Exhibit IX**. See also, paragraph 2 of the Statement of Uncontested Material Facts. Several years later, plaintiff filed a bankruptcy petition under the provisions of Chapter 13 of the Bankruptcy Code identified as Case No. 11-03499(MCF). See Dk. No. 1 of case no. 11-03499(MCF) and paragraph 3 of the Statement of Uncontested Material Facts. Plaintiff listed Scotiabank, now OB, as a secured creditor for the abovementioned commercial mortgage loan over the real property described hereinabove and in her schedules. See Dk. No. 1 of case no. 11-03499(MCF). See also, paragraph 4 of the Statement of Uncontested Material Facts and **Exhibit VIII** and **Exhibit IX** attached thereto. Plaintiff never took any steps to avoid Scotiabank's, now OB's first mortgage lien. See, Docket of case no. 11-03499(MCF) and paragraph 5 of the Statement of Uncontested Material Facts. Moreover, Plaintiff's latest confirmed plan, and all other previously confirmed plans stated that Debtor would continue to make the secured loan's regular direct payments, while at the same time stating that a third party was making said payments. In addition, Debtor's latest confirmed plan stated that **<u>secured creditors, which included Scotiabank, now OB, will retain the liens</u>**. See, Plaintiff's latest confirmed plan at Dk. No. 67 and the order approving the same at Dk. No. 75 of case no. 11-03499(MCF) and paragraph six (6) of the Statement of Uncontested Material Facts. On August 19, 2016, Plaintiff obtained a discharge under the provisions of Chapter 13 of the Bankruptcy Code. See, Dk. No. 82 of case no. 11-03499(MCF) and paragraph seven (7) of the Statement of Uncontested Material Facts, **Exhibit V**.[2] Thereafter, on November 16, 2017, the

---

2 It must be underscored that to the best of our knowledge and belief, Debtor's discharge in no way benefits her ex-spouse, as she did not file her bankruptcy petition along with her spouse and they were married with a pre-nuptial

–3–

Registrar of Property of Section V of San Juan recorded the first mortgage lien in favor of Scotiabank, now OB, that was originally presented back on May 15, 2008. During the entire period that OB's mortgage deed was pending registration, no notice of defects was issued by the Registry of Property. See, Title Study attached as **Exhibit III,** Registry of Property Certification attached as **Exhibit IV and Exhibits VIII and IX of** the Statement of Uncontested Material Facts. See also, paragraph eight (8) of the Statement of Uncontested Material Facts. On July 3, 2020, OB filed an In Rem foreclosure complaint against plaintiff seeking to foreclose on its collateral only before local Courts, as plaintiff, and her former spouse ceased voluntarily payments on their commercial mortgage loan with Scotiabank, now OB. The foregoing complaint was amended to include plaintiff's former spouse on July 13, 2020. See, **OB's IN REM ONLY** complaint filed against plaintiff and the amended complaint including her former spouse as defendant. See paragraph nine (9) of the Statement of Uncontested Material Facts and **Exhibit VI, Exhibit VII, Exhibit VIII and Exhibit IX** attached therein. Despite the fact, that OB's In rem complaint to foreclose on its collateral did not seek to collect any monies from plaintiff or her former spouse in their personal capacity, on October 27, 2020, plaintiff filed the adversary proceeding of caption against OB, alleging that OB violated the discharge injunction order. Moreover, Plaintiff alleges that a **<u>FORECLOSURE ONLY</u>** (In rem action) complaint against plaintiff identified as case no. SJ2020CV03416 before local Courts is in violation of the order of discharge. Plaintiff alleged that the foregoing acts attempted to collect a discharged debt from plaintiff in violation of the discharge injunction entered in case no. 11-03499(MCF). See, Dk. No. 1. See also, paragraph ten (10) of the Statement of Uncontested Material Facts.3 See also, paragraph eleven (11) of Statement

---

agreement providing for the total separation of their assets and rejecting the community property regime that typically governs marriages in Puerto Rico.
3 **It must be noted that defendant does not record anything in the registry of property, that act is solely in the hands of the registrar of property.** Moreover, defendant did not present any document at the registry of property

–4–

of Uncontested Material Facts and its **Exhibits VIII** and **Exhibit IX**, respectively.

## II. Standard of applicable to Summary Judgment

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, documents, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P 56(c), Littlefield v. Acadia Ins. Co., 392 F.3rd 1, 6 (1st Cir. 2004).

Facts are material only when they could potentially affect the outcome of the suit. Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). Likewise, "genuine" or "trial worthy" issues exist only as to material facts when a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor. *Id*

## III. Summary Judgment Standard applied to facts in this Adversary Proceeding

In the instant case, plaintiff's complaint does not state a claim for which relief can be granted. Plaintiff's complaint is baseless and frivolous, as it completely ignores the retroactive effect of the recordation of a mortgage deed in the registry of property to the date in which such deed was originally presented. The foregoing is a debrock principle of Puerto Rico Mortgage Law and one that has been already upheld by this Honorable Court. See, Article 53 of the PR Mortgage Law and this Court's determination in the case of **Ramos v. Banco Popular de Puerto Rico**, 493 B.R. 355 (Bank. D.P.R. 2013). Plaintiff's complaint also chooses to ignore that while a mortgage deed is pending recordation during a bankruptcy process and thereafter until recordation, the secured creditor holds an interest in

---

other than the original mortgage deed, which was presented *three years before plaintiff filed her bankruptcy petition in 2011 and eight years before this Court entered a discharge order in favor of plaintiff in 2016*. See, attached title search and registrar certification attached to the Statement of Uncontested Facts as **Exhibits III** and **Exhibit IV**.

–5–

property pursuant to the determination of the U.S. Court of Appeals for the First Circuit in the case of **Soto Ríos v. Banco Popular de Puerto Rico**, 662 F.3d 112(1st Cir. 2011). The foregoing, coupled with the fact that Plaintiff always provided for the retention of secured creditor's liens in all of her pre and post confirmation amended plans that achieved Court apoval, including her latest approved post-confirmation amended plan, and that plaintiff took no steps to avoid defendant's mortgage lien over their realty described hereinabove, makes said mortgage lien survive debtor's discharge under Chapter 13. See, Dk. No. 67 and Dk. No. 75 of case no. 11-03499(MCF) and paragraphs 4, 5 and 6 of the Statement of Uncontested Material Facts.

### IV. Discussion

**The complaint should be summarily dismissed with prejudice, as Plaintiff's discharge only comprised her personal liability regarding her commercial loan with Scotiabank, now OB, but not her IN REM liability secured by OB's first mortgage lien over plaintiff's residence, even if OB's mortgage lien was recorded post-discharge.**

The effect of a discharge order under the provisions of the Bankruptcy Code only discharges Debtor's personal liability regarding his or her debts and does not void any liens or interest in property of a creditor. Section 524(a) of the Bankruptcy Code expressly states the foregoing as follows:

"(a) A discharge in a case under this title—
(1)
voids any judgment at any time obtained, **to the extent that such judgment is a determination of the personal liability of the debtor** with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or *__1328 of this title__*, whether or not discharge of such debt is waived;
(2)
operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, **recover or offset any such debt as a personal liability of the debtor**, whether or not discharge of such debt is waived; . . ." (emphasis ours).

–6–

Addressing this matter Judge Tester stated the following in his opinion and order issued in the case of *Morales v. Citimortgage*, Adv. Case No. 14-00057, Bankruptcy Case No. 12-00886(BKT), 2015 WL 3825981:

"It is hornbook law that a valid lien survives a discharge in bankruptcy unless it is avoidable ***and the debtor takes the proper steps to avoid it.***" Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 21 (1st Cir. 2002) (*citing* Holloway v. John Hancock Mut. Life Ins. Co. (In re Holloway), 81 F.3d 1062, 1063 (11th Cir.1996)). The discharge injunction of 11 U.S.C. § 524(a)(2) enjoins only actions seeking to enforce the debtor's personal liability. In other words, "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." Johnson v. Home State Bank, 501 U.S. 78, 84 (1991). Therefore, in order to modify or extinguish a lien during a bankruptcy process, ***the debtor must take the proper steps to avoid the lien***. Creditors that hold valid liens, which were not avoided in the bankruptcy case, ***are free to enforce those liens against their collateral after the debtor's personal liability has been discharged***. ***Thus, a mortgagee may lawfully pursue its in rem rights through foreclosure after a discharge has entered, but may not pursue a discharged debtor for repayment of the note.***" See, *Morales v. Citimortgage*, supra. (emphasis ours).

Furthermore, Plaintiff basically avers that in the event the Registry of Property registers a mortgage presented prepetition, after the issuance of the order of discharge, the secured creditor is automatically in violation of the of discharge order. In what pertains to the effect of a discharge on a mortgage lien that was presented pre-petition and recorded post-discharge, Judge Lamoutte resolved the matter in the case of **Navarro v. Banco Popular de Puerto Rico**, 563 B.R. 127 (Bankr. D.P.R. 2017). **Specifically referring to a mortgage lien which was presented prior to the filing of a bankruptcy petition and was recorded after a discharge on said case was obtained**, Judge Lamoutte, stated the following: "The discharge injunction has some limitations. **"Discharge affects only personal obligations: unavoided liens survive a discharge with regard to the debtor's pre-petition property to the value of the lien but not beyond."** Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual, § 8:2 Vol. 2 (5th ed. 2016), p. 9–11.

***Thus, a secured creditor's right to foreclose on a pre-petition lien against a debtor's property survives through the bankruptcy unaffected by the discharge. See Johnson v. Home State Bank, 501 U.S. 78, 82–83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66, 73–74 (1991).*** "Thus, a creditor may enforce a prepetition judgment lien after the discharge, if the automatic stay is no longer in effect and the lien has not been avoided, paid, or modified so as to preclude enforcement." See Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy¶ 524.02[1](16th ed. 2016). ***"Thus, a mortgagee's lien survives and is unaffected by the discharge, regardless of whether the mortgagee files a proof of claim or otherwise asserts its interest during the course of a bankruptcy case. Further, a secured creditor is permitted to proceed with post-discharge foreclosure proceedings without any prior application to the bankruptcy court.***" See, ***Navarro v. BPPR***, supra. See also, the U.S. Supreme decision **of *Johnson v. Home State Bank***, supra.4

In plaintiff's bankruptcy case no. 11-03499(MCF), no action to avoid Scotiabank, now OB's lien was ever taken, and plaintiff's confirmed plan as modified post-confirmation pursuant to section 1329 always stated **that secured creditors will retain their liens**. See, lasts post-confirmation modified plan at Dk. No. 67 of case no. 11-03499(MCF). 5 See also, paragraph (6) of the Statement of Uncontested Material Facts. The foregoing provision expressly providing for the retention of liens is wholly incompatible to plaintiff's assertion that OB's lien was avoided merely because she completed her payments to the trustee under her confirmed Chapter 13 plan in case no. 11-03499(MCF). As Debtor provided to continue making payments for OB's secured loan, even if a third party was making

---

4 It must be noted that the secured creditors were not obligated to file a proof of claim prior to 2017. At present, even with the 2017 amendment to Rule 3002 of the Federal Rules of Bankruptcy Procedure (FRBP), which requires secured creditors to file a claim, the rule as amended specifically provides that a secured creditor's lien will not be avoided merely because said creditor failed to file a proof of claim. See, current version of Rule 3002 of the FRBP.
5All other post-confirmation modified plans approved by the Court and the originally confirmed plan also expressly stated that secured creditors will retain their liens. See, Dk. No. 43, Dk. No. 27 and Dk. No. 9.

–8–

them, while OB as secured creditor retained its mortgage lien, Debtor ran the risk of facing a foreclosure of the collateral once the automatic stay was no longer in effect, if plaintiff (Debtor) or the third party, failed to pay OB's secured loan in full. Nothing in any of the Chapter 13 plans filed by Debtor states that Debtor is proposing to avoid Scotiabank, now OB's first rank mortgage lien, nor any adversary proceeding, or motion was ever filed to achieve such a result. See, all plans submitted by Debtor at Dks. No. 9, 27, 43 and 67 in case no. 11-03499(MCF). See, Plaintiff's latest confirmed plan at Dk. No. 67 of case no. 11-03499(MCF) and paragraph (6) of the Statement of Uncontested Material Facts.

   a. V. Conclusion

For the reasons stated above, Plaintiff fails to state a claim upon which relief can be granted as the discharge order issued by this Court in the bankruptcy case of caption only applies to her personal liability for said debt, leaving OB with the capability to pursue its IN REM remedies by foreclosing on its duly recorded first rank mortgage lien over plaintiff's residence. That is all OB did, it merely filed an IN REM complaint to foreclose on its collateral before local Courts. As a result, plaintiff's complaint should be dismissed with prejudice. It is further requested from this Honorable Court to impose on plaintiff the payment of defendant's costs and attorney's fees, along with any other redress this Court may deem just and proper.

**VI. Reservation of Rights**

Defendant reserves the right to supplement this motion for summary judgment with plaintiff's answers to the interrogatories and production of documents served by defendant on plaintiff on January 27, 2021, and any amended or supplemented answers that plaintiff might subsequently submit.

–9–

**VII. Statement of Uncontested Material Facts**

The statement of uncontested material facts applicable to this amended summary judgment request is the one filed at Dk. No. 28 in the case of caption.

**WHEREFORE**, it is respectfully requested from this Honorable Court to dismiss the Complaint with prejudice along with any other redress this Court may deem just and proper. It is further requested from this Honorable Court to award costs and reasonable attorney's fees in favor of the appearing defendant, with any other redress this Court may deem just and proper.

**NOTICE OF RESPONSE TIME**

If within thirty (30) days after service as evidenced by this certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, must serve and file an objection or other appropriate response to this paper with the Clerk's office of the US Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the stipulation will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** This document was filed with the US Bankruptcy Court for the District of Puerto Rico using the CM/ECF filing system, which would send a copy of this document to all registered parties including: **Jesús Enrique Batista - Sánchez, Esq. and William Rivera Vélez**, The Batista Law Group, P.S.C., Counsel for Plaintiff; **Alejandro Oliveras – Rivera, Esq.**, Chapter 13 Trustee, and to the **U.S. Trustee Office**. A copy of this motion was also sent via First Class Mail to **Jesús Enrique Batista - Sánchez, Esq. and William Rivera Vélez**, The Batista Law Group, P.S.C., Counsel for Plaintiff, P.O. Box 191059, San Juan, Puerto Rico 00919-1059.

**RESPECTFULLY SUBMITTED.**

–10–

In Guaynabo, Puerto Rico on this 8th day of July 2021.

**LUIS M. SUAREZ LOZADA**
**LAW OFFICES**
Counsel for defendant Oriental Bank
35 Juan C. Borbón Street, 67-113
Guaynabo, Puerto Rico 00969-5375
Phone: (787)296-4299
e-mail: suarez@caribe.net
/s/Luis M. Suárez - Lozada
USDC-PR 209712