IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 11-3499 (MCF) |
| TAMARA PEREZ CRUZ | CHAPTER 13 |
| Debtor | |
| TAMARA PEREZ CRUZ | ADVERSARY CASE NO. 20-00126 |
| Plaintiff, | |
| v. | |
| ORIENTAL BANK | |
| Defendant | |

**OPINION AND ORDER**

Before the court is whether the Defendant, Oriental Bank, violated the discharge injunction when the Property Registry recorded its lien over the real property owned by the Plaintiff, Tamara Perez Cruz. The mortgage deed had been presented to the Property Registry prior to the bankruptcy case and remained pending recordation during the bankruptcy case. The court holds that Oriental did not violate the discharge order by allowing a mortgage, that was pending recordation pre-bankruptcy, to be recorded after the entry of the discharge order. Consequently, the court grants Oriental's unopposed motion for summary judgment.

A party may file a motion for summary judgment, identifying each defense on which summary judgment is sought, pursuant to Fed. R. Civ. P. 56(a), made applicable in bankruptcy by Fed. R. Bankr. P. 7056. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Id.; Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).

Oriental's statement of uncontested facts satisfies the first prong of the summary judgment standard that there are no genuine contested material facts. Docket No. 28. Under Local Civil Rule 56(e), "facts contained in a supporting … statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Oriental's statement of uncontested facts has not been opposed by the Plaintiff as required by Local Civil Rule 56(c). Consequently, the statement of uncontested facts is deemed admitted by the court under the previously cited rule.

Turning to the second prong of the summary judgment standard, Oriental is entitled to judgment as a matter of law. The Plaintiff obtained a mortgage loan from Scotiabank, now Oriental, on April 25, 2008. Docket No. 28 at 1. The mortgage deed was presented at the Property Registry on May 15, 2008. Id. Years later, the Plaintiff filed for bankruptcy under chapter 13. Id. While the Plaintiff was in bankruptcy, the mortgage deed remained pending recordation at the Property Registry. Id. at 4; Docket No. 30 at 3. The Plaintiff obtained her discharge on August 19, 2016. Docket No. 28 at 3. Subsequently, the Property Registrar recorded the mortgage deed on November 16, 2017. Id. The Plaintiff filed this complaint after Oriental initiated an in-rem foreclosure proceeding in local court. Id. at 3-4. Oriental points out that in Puerto Rico, the date of the recordation of a deed is retroactive to the date of when it was originally presented. Docket No. 30 at 4.

A review of the complaint shows that the Plaintiff contends that Oriental violated the discharge injunction because the recordation of the mortgage occurred after she obtained her discharge. Docket No. 1. The Plaintiff alleges that Oriental had knowledge of the discharge order and continued its collection efforts when it recorded the mortgage deed at the Property Registry. Id. There is no allegation concerning the mortgage foreclosure proceeding initiated by Oriental in local court; hence this case is solely based on a mortgage deed that was presented for recordation pre-bankruptcy and was recorded after the entry of discharge.

Article 19 of Puerto Rico's Mortgage Act establishes that the date of recordation of a deed is retroactive to the date of its presentation at the Property Registry. 30 L.P.R.A. § 6034. Under

Puerto Rico law, once a deed is filed and "deemed recordable, it retains all the effects of [the] stated registration." <u>Soto Ríos v. Banco Popular de Puerto Rico</u>, 662 F.3d 112, 121 (1st Cir. 2011). Mortgage creditors can correct deficiencies in deeds notified by the Property Registrar in the allotted amount of time established by the Mortgage Act. <u>Ramos v. Banco Popular (In re Ramos)</u>, 493 B.R. 355, 363 (Bankr. D. P.R. 2013). "Section 546(b)(1)(A) serves to 'protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens as of an effective date that is earlier than the date of perfection.'" <u>Id.</u> (citing <u>Perez Mujica v. FirstBank (In re Perez Mujica)</u>, 457 B.R. 177 (Bankr. D.P.R. 2011). "[A] valid lien survives a discharge in bankruptcy unless it is avoidable and the debtor takes the proper steps to avoid it." <u>Arruda v. Sears, Roebuck & Co.</u>, 310 F.3d 13, 21 (1st Cir. 2002). If no party in interest requested allowance or disallowance of the claim in a separate proceeding, the lien would survive the bankruptcy case even if the entire personal liability of the debtor were extinguished. 4 Collier on Bankruptcy ¶ 506.06.

The uncontested facts before us show that the mortgage deed was presented at the Property Registry on May 15, 2008. Docket No. 28 at 1. Three years later, the Plaintiff filed for bankruptcy under chapter 13 on April 27, 2011. <u>Id.</u> During the bankruptcy, the mortgage deed remained pending for registration and the Registrar did not notify any defects in the mortgage deed to Oriental. Docket No. 30 at 3. The Plaintiff's amended chapter 13 plan stated that all secured creditors would retain their liens. The Plaintiff or any party in interest never challenged Oriental's secured status nor sought to avoid Oriental's lien or presentation of the mortgage deed. Docket No. 28 at 2; Docket No. 30 at 5.

The Plaintiff obtained her discharge on August 19, 2016. Docket No. 28 at 3. A year after the bankruptcy was over, the Property Registrar finally recorded Oriental's mortgage deed; thus, giving perfected status to the lien. Docket No. 28 at 3. There are no set of facts that show that during the bankruptcy Oriental withdrew the mortgage deed from the Property Registry and subsequently sought to present it again for recordation.

As previously discussed, the Mortgage Act affords creditors opportunities to perfect their liens. Furthermore, valid liens survive bankruptcy unless it is avoided by the debtor or a party in interest. The delay in recordation is not attributable to Oriental, but probably to a backlog in the Property Registry. While the presented mortgage deed remained pending for recordation it did not lose its protected status under bankruptcy law. After the deed was finally recorded and the lien was perfected, the date of recordation was retroactively applied to its date of presentation, May 15, 2008. The presentation dates to approximately three years before the filing of the bankruptcy petition. As such, the Plaintiff cannot allege that Oriental violated the discharge injunction by receiving a benefit afforded to it under Puerto Rico law.

Based on the foregoing, the unopposed motion for summary judgment (Docket No. 30) is granted because there are no undisputed material facts and is entitled to judgment as a matter of law, pursuant to Fed. R. Bankr. P. 7056.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of December, 2021.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge